566 A.2d 612

COMMONWEALTH of Pennsylvania

v.

ONE 1984 BLUE/SILVER OLDSMOBILE CAR SEIZED
FROM LOUIS THOMPKINS.

Appeal of Louis THOMPKINS. (Two Cases)

COMMONWEALTH of Pennsylvania ex rel.
Louis THOMPKINS

v.

PHILA. POLICE DEPT. POLICE COMMISSIONER.

Superior Court of Pennsylvania.

Argued Oct. 12, 1989.

Filed Nov. 20, 1989.

Arnold F. Laikin, Norristown, for appellant.

Donna G. Zucker, Asst. Dist. Atty., Philadelphia, for Phila. Police Dept, Police Com'r, appellee (at 3240).

Laurie Magid, Asst. Dist. Atty., Philadelphia, for the Com., appellee (at 3241).

Before CAVANAUGH, OLSZEWSKI and HOFFMAN, JJ.

OLSZEWSKI, Judge:

On August 4, 1988, at approximately 2:00 in the afternoon, police officer Thomas Smith (hereinafter "Officer Smith") and his partner were in plain clothes conducting surveillance in the area of 16th and Mount Vernon Streets, Philadelphia, Pennsylvania. Officer Smith observed appellant, Louis Thompkins, driver and owner of the subject

vehicle, a 1984 Oldsmobile, stop at the southwest corner of 16th and Mount Vernon Streets. Officer Smith was within 30 feet of appellant's automobile. Officer Smith observed appellant's passenger, Eric Williams (hereinafter "Williams"), exit the vehicle, cross the street, and briefly talk to an unidentified male. Williams then went back to appellant, who had by now exited the vehicle himself. Appellant handed Williams some cash. Williams then crossed the street and received several small packets from the other man. Officer Smith was approximately 50 feet away from this man. Williams returned to the vehicle, and both individuals drove away. Officer Smith followed and observed Williams hand appellant a packet. The vehicle was stopped. The police found a small plastic packet of cocaine (71 milligrams) and a small straw on the bucket seat between appellant's legs. Under the passenger's left leg, the police found a small, bluish, plastic zip-lock packet of marijuana (2.1 grams). The officers arrested both individuals and seized the automobile.

Appellant states that he drove Williams to 16th and Mount Vernon Streets because Williams had to pick up something. When they arrived, Williams disappeared and came back a minute or so later. As they drove away, Williams handed appellant a small plastic bag with a straw in it. As soon as appellant looked at it, the police pounced.

After a hearing on October 14, 1988, appellant's petition for return of his automobile was denied. On October 17, 1988, the same court issued an order granting the Commonwealth's forfeiture petition. On May 1, 1989, these cases were consolidated by stipulation. Appellant appeals to this Court.

Appellant advances two arguments: (1) that there was insufficient evidence to find that the Commonwealth had met its burden of proving by a preponderance of the evidence that the owner of the automobile was connected with the unlawful use of the automobile; and (2) that the hearing court did not properly apply the facts to the applicable law.

## I.

42 Pa.C.S.A. § 6801(a)(4)(ii) provides as follows:

(a) Forfeitures generally.—The following shall be subject to forfeiture to the Commonwealth and no property right shall exist in them:

\* \* \* \* \* \*

(4) All conveyances, including aircraft, vehicles or vessels, which are used or are intended for use to transport, or in any manner facilitate the transportation, sale, receipt, possession or concealment of, property described in paragraph (1)[1] or (2), except that:

\* \* \* \* \* \*

(ii) no conveyance shall be forfeited under the provisions of this section by reason of any act or omission established by the owner thereof to have been committed or omitted without his knowledge or consent, which absence of knowledge or consent must be reasonable under the circumstances presented[.][2]

The hearing judge found that the automobile in question was unlawfully used in furtherance of a drug transaction and was directly involved in an illegal sale of controlled substances. Appellee is required to prove material allegations by a preponderance of the evidence. *Commonwealth v. Tate*, 371 Pa.Super. 611, 614, 538 A.2d 903, 905 (1988). We agree that there was sufficient evidence to prove by a preponderance of the evidence that the automobile in question was used to facilitate the transportation, sale, receipt, possession,[3] and concealment of cocaine and marijuana.

1. This paragraph includes marijuana and cocaine.

2. Judge McCrudden cited 35 Pa.S.A. § 780–128 as the law which was applicable to forfeitures. However, that section of the statutes was repealed effective June 30, 1988, and was replaced by 42 Pa.C.S.A. § 6801. A comparison of the applicable paragraphs of § 780–128 to § 6801(a)(4)(ii) reveals that these paragraphs are substantially similar. For purposes of the instant case there is no difference between the two sections. Therefore, Judge McCrudden's analysis of the law and the facts was proper.

3. Although the cocaine was not found on appellant's person *per se*, it was found in an area that would indicate that it had been between

## II.

We disagree with appellant that the lower court improperly applied the applicable law to the facts. Testimony of police officer was sufficient to establish by preponderance of the evidence that defendant's car was used to facilitate transportation and possession of a controlled substance and, thus, sustained forfeiture of the car. *Commonwealth v. 1978 Toyota*, 321 Pa.Super. 549, 552, 468 A.2d 1125, 1127 (1983). In the case *sub judice*, the police officer testified that he saw appellant hand cash to Williams, who then obtained several small packets from an unidentified male. While driving away, Williams handed a packet to appellant. We think that Judge McCrudden could reason that it was more probable than not that the automobile in question was used to facilitate a drug transaction and a sale of controlled substances.

Orders affirmed.

appellant's inner thighs, a very personal area of the body. Regardless of whether appellant was actually in possession of the controlled substances, he was in constructive possession. Possession can be proven by showing actual possession, i.e., a controlled substance found on appellant's person, or by showing that appellant constructively possessed the controlled substances. Constructive possession has been defined as the ability to exercise a conscious dominion over the illegal substance: the power to control the contraband and the intent to exercise that control. *Commonwealth v. Macolino*, 503 Pa. 201, 206, 469 A.2d 132, 134 (1983). An intent to maintain a conscious dominion may be inferred from the totality of the circumstances. *Id.* When we examine the totality of the circumstances in this case, we find that appellant stopped his car and his passenger got out and crossed the street to talk to an unidentified male. Passenger returned and appellant handed him cash. Passenger proceeded to buy small plastic packets from the other man. Passenger returned to the vehicle and as they drove away he handed a packet to appellant who examined it and placed it between his inner thighs. These facts certainly suggest that appellant intended to control the contraband. Also, in *Commonwealth v. Cruz Ortega*, 372 Pa.Super. 389, 539 A.2d 849 (1988), we found that appellant was in constructive possession of two ounces of cocaine which was under the front passenger seat of a rented automobile in which he was a passenger. Since we found constructive possession in *Cruz Ortega*, we have no trouble in finding that appellant in the case *sub judice* had constructive possession of cocaine that was on the driver's seat of his car and had been between his inner thighs.