579 A.2d 958

COMMONWEALTH of Pennsylvania

v.

ONE 1986 FORD MUSTANG "EXP" SERIAL
# 1FABP0197GW2112070.

Appeal of Edward STEINER, Jr. and One 1986 Ford
Mustang "EXP" Serial # 1FABP0197GW2112070.

Superior Court of Pennsylvania.

Submitted April 2, 1990.

Filed July 10, 1990.

David J. Rossi, Schuylkill Haven, for appellant.

George C. Yatron, Dist. Atty., Reading, for Com., appellee.

Before MONTEMURO, MONTGOMERY and HESTER, JJ.

PER CURIAM.

This is an appeal arising from the seizure of a vehicle pursuant to the Controlled Substances Forfeitures Act, 42 Pa.C.S. §§ 6801 and 6802 (hereinafter "Act"). Finding no error, we affirm.

On January 14, 1989, appellant and a passenger in his automobile were arrested and charged with possession of cocaine and various drug paraphernalia. On January 27, 1989, the Commonwealth filed a petition seeking forfeiture of the vehicle. A hearing on the petition was held May 16, 1989. Appellant pleaded guilty to the charges on May 21, 1989. The vehicle was ordered forfeited by the trial court

on July 27, 1989. Post-trial motions were denied on August 25, 1989 and the instant appeal was filed.

Appellant charges that the seizure of his vehicle and subsequent forfeiture to the Commonwealth violated various federal and state constitutional rights.

In examining the claims of appellant, we are guided by the principle that an act of assembly will not be deemed unconstitutional unless it clearly, palpably, and plainly violates the constitution. *Hayes v. Erie Insurance Exchange*, 493 Pa. 150, 425 A.2d 419 (1981). Moreover, any doubts are to be resolved in favor of sustaining the legislation. *Id.* Statutes providing for the forfeiture of specific property used in violation of the law are constitutional. *Commonwealth v. One 1936 Ford Truck, Three Ton*, 136 Pa.Super. 473, 7 A.2d 532 (1939). The legislature, under police power, may provide for forfeiture of an automobile used in violation of the law. *Commonwealth v. Beloff*, 166 Pa.Super. 286, 70 A.2d 689 (1950). There need not be an underlying conviction of a crime to support a forfeiture. *Petition of Maglisco*, 341 Pa.Super. 525, 491 A.2d 1381 (1985).

■ Appellant initially argues that the controlled substances were seized subsequent to an illegal search of the vehicle. However, at hearing on the forfeiture petition, counsel stipulated that the case would be decided on the basis of the testimony given at the preliminary hearing on the criminal charges (Tr. at 2). The record of that hearing clearly reveals that the controlled substances were in "plain view" of the arresting officers and thus legally confiscated (Tr. at 18, 29, 33–39). See *Commonwealth v. Elliott*, 376 Pa.Super. 536, 546 A.2d 654 (1988).

Appellant next contends that the forfeiture statute violates due process as it does not allow a defendant to testify on his own behalf while protecting his testimony from later use in criminal proceedings. As noted above, appellant stipulated that the forfeiture proceeding would be determined on the basis of the preliminary hearing testimony, rather than by holding a full hearing. There is nothing in

the record to indicate that appellant ever raised this issue before the trial court and we cannot consider it for the first time on appeal. *Dilliplaine v. Lehigh Valley Trust Company,* 457 Pa. 255, 322 A.2d 114 (1974).

■ Appellant also claims that the Act unconstitutionally denied him a jury trial. Article I, section 6 of the Pennsylvania Constitution preserves the right to trial by jury only in those cases where it existed at the time the constitution was adopted. *Murphy v. Cartex Corp.,* 377 Pa.Super. 181, 546 A.2d 1217 (1988). Jury trials are not available in proceedings created by statute unless the proceeding has a common-law basis or unless the statute expressly or impliedly so provides. Since the right to a jury trial in a forfeiture proceeding did not exist at the adoption of the Pennsylvania Constitution and there is neither a common-law basis for the forfeiture statute nor a provision within the statute for a jury trial, appellant's claim is unfounded.

■ Appellant next argues that forfeiture of his automobile pursuant to the Act is an excessive penalty which is disproportionate to the underlying offense and thus constitutes cruel and unusual punishment, as the value of the auto exceeds the maximum fine which may be imposed and the value of the contraband was stipulated at $50.00. The Act provides for the forfeiture of a vehicle which is used to facilitate the transport, sale, receipt, possession or concealment of drug paraphernalia and controlled substances, without regard to amount. 42 Pa.C.S. § 6801(a)(4). Courts of this Commonwealth have seized subject vehicles pursuant to the Act regardless of their value relative to the maximum fine to be imposed. This court has affirmed the seizure of a $30,000.00 auto under the Act, *Commonwealth v. One 1985 Cadillac Seville,* 371 Pa.Super. 390, 538 A.2d 71 (1988), as well as that of an automobile found to contain 71 milligrams of cocaine and 2.1 grams of marijuana. *Commonwealth v. One 1984 Blue/Silver Oldsmobile,* 389 Pa. Super. 53, 566 A.2d 612 (1989). We have been unable to discover any Pennsylvania case where the forfeiture statute was held to constitute an excessive penalty amounting to

cruel and unusual punishment because the value of the forfeited property exceeded the value of the contraband. We note as well that, in addition to the actual drugs seized herein, there were numerous containers seized in which cocaine residue was found, indicating that these containers had previously contained cocaine. We do not believe that forfeiture is prohibited merely because many of the drugs possessed in the vehicle had been consumed, sold or otherwise disposed of prior to the seizure.

Order affirmed.