607 A.2d 837

**1977 GMC PICK UP TRUCK VAN TKL247F740755, $330 in U.S. Currency, Jewelry, Cocaine and Drug Paraphernalia, Appellant,**

**v.**

**COMMONWEALTH of Pennsylvania, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 16, 1991.

Decided April 15, 1992.

W. Hamlin Neely, for appellant.

Jacquelyn C. Paradis, Deputy Dist. Atty., for appellee.

Before PALLADINO and SMITH, JJ., and SILVESTRI, Senior Judge.

SMITH, Judge.

Willie Williams appeals an order of the Court of Common Pleas of Lehigh County granting in part the Commonwealth's petition for forfeiture pertaining to Williams' 1977 GMC pickup truck. The issue presented on appeal is whether the Commonwealth produced sufficient evidence to establish that Williams' truck was used to facilitate the transportation, sale, receipt or possession of cocaine. For the following reasons, the trial court's order is reversed.

The facts herein are not in dispute. On Sunday, May 27, 1990, Williams was driving his truck in search of a prostitute. He parked his truck in a church parking lot and a prostitute approached and entered the passenger compartment of the truck. Williams offered the prostitute $50 in return for sexual services but the prostitute requested cocaine instead of money. Williams left the prostitute and his truck in the parking lot and walked approximately one-half block to a location where he purchased cocaine with money from his paycheck. After Williams returned to the parking lot and entered his truck, an Allentown police officer approached the truck. Williams became combative, disorderly and uncooperative and was arrested for disorderly conduct. The police officer found the cocaine in Williams' coat pocket and seized the truck and $330 from his pants pocket. Jewelry and drug paraphernalia were seized from the prostitute. Williams was subsequently charged with possession of a controlled substance.

The Commonwealth filed a petition for forfeiture of the truck, money and jewelry pursuant to 42 Pa.C.S. § 6802 of what is commonly referred to as the Controlled Substance Forfeiture Act (Forfeiture Act), and Williams filed a petition for return of the truck and the money. Following a hear-

ing, the trial court ordered a return of the $330 to Williams but required forfeiture of the truck because the discussion and negotiation about the "drugs for sex" transaction was sufficient evidence to establish that Williams' truck was used to facilitate the transportation, sale, receipt, possession and concealment of cocaine.[1]

The Commonwealth argues that Williams' vehicle is subject to forfeiture because it was used to facilitate the sale, receipt and possession of cocaine and because it was intended to be used to transport drugs. Section 6801(a)(4) of the Forfeiture Act requires forfeiture of a conveyance, including aircraft, vehicle and vessel, which is used or intended for use in any manner to facilitate the transportation, sale, receipt, possession or concealment of controlled substances. In a forfeiture proceeding, the Commonwealth has the burden to prove by a preponderance of the evidence that a party used or intended to use a vehicle in the furtherance of a drug transaction. *See Commonwealth v. One 1984 Blue/Silver Oldsmobile*, 389 Pa.Superior Ct. 53, 566 A.2d 612 (1989). The term "facilitate" has been construed to include any use or intended use which makes trafficking in contraband less difficult and laborious. *Commonwealth v. One 1979 Lincoln, Four Door Sedan*, 344 Pa.Superior Ct. 171, 496 A.2d 397 (1985), *appeal denied*, 513 Pa. 634, 520 A.2d 1384 (1987) (use of a vehicle to deliver food and drink to co-conspirators at a clandestine laboratory in order that the process of manufacturing controlled substances could continue without interruption provided a sufficient nexus to justify forfeiture). Orders granting forfeiture of a vehicle have been upheld when a drug transaction took place in the vehicle. *Commonwealth v. One 1985 Cadillac Seville*, 371 Pa.Superior Ct. 390, 538 A.2d 71 (1988).

In the matter sub judice, the Commonwealth failed to establish that the vehicle was used to facilitate a drug

1. The notes of testimony indicate that the trial court dismissed Williams' petition for return of his property under a separate order. Williams does not challenge that dismissal in this appeal.

transaction. The only transaction which actually occurred took place at a location that was one-half block from where the vehicle was parked. Since Williams drove to the lot for the purpose of making contact with a prostitute and not to acquire drugs, the Commonwealth did not establish that Williams' vehicle made the sale, receipt or possession of cocaine any less difficult or laborious. Further, the transaction between Williams and the prostitute had not yet materialized and can not constitute a sale or receipt because the cocaine remained in Williams' coat pocket and was not transferred from Williams to the prostitute.[2] *See Commonwealth v. Waren*, 298 Pa.Superior Ct. 349, 444 A.2d 1209 (1982); *Commonwealth v. Metzger*, 247 Pa.Superior Ct. 226, 372 A.2d 20 (1977).

Accordingly, the order of the trial court must be reversed.

## ORDER

AND NOW, this 15th day of April, 1992, the order of the Court of Common Pleas of Lehigh County is reversed.

---

2. The Commonwealth further argues that the truck should be forfeited because Williams intended to transport the cocaine in the vehicle. However, while the record reflects that Williams intended to transport the prostitute, the Commonwealth did not establish that Williams intended to transport the cocaine. N.T., pp. 32–33.