## Commonwealth v. One 1986 Dodge 600 Convertible

*Richard Patton, deputy attorney general,* for the Commonwealth.

*Michael Cammarano,* for defendant.

SMITH, *J.,* June 23, 1992—This action is before this court upon the forfeiture petition filed by the Commonwealth against Althea Levin, owner of the vehicle subject to the proposed forfeiture. The facts of the case are as follows: On or about April 1, 1991, at approximately 1:15 p.m., Reading Police Officer Albert Gomber and

Nelson Berrios were on routine patrol in the city of Reading. The officers observed a 1986 Dodge 600 Convertible stopped in the 900 block of Scott Street, Reading, Pennsylvania, blocking traffic. The driver of the vehicle was observed conversing with a known drug dealer. The police officer stopped the aforementioned vehicle and obtained identification from the driver, David Levin, son of Althea Levin. The officers told David Levin that they observed him conversing with a known drug dealer and Officer Berrios asked if Mr. Levin would consent to a search. Mr. Levin agreed and Officer Berrios found five packets of heroin. Mr. Levin was subsequently arrested for violating the Controlled Substance, Drug, Device and Cosmetic Act and this forfeiture petition now follows.

This matter was scheduled several times and continued until February 21, 1992. Although Althea Levin received ample notice of the hearing, she chose not to appear.

The statutory provision regarding forfeitures in accordance with the Controlled Substance, Drug, Device and Cosmetic Act provides as follows:

"(a) *Forfeitures generally*—The following shall be subject to forfeiture to the Commonwealth and no property right shall exist in them:...

"(4) All conveyances, including aircraft, vehicles or vessels, which are used or are intended for use to transport, or in any manner facilitate the transportation, sale, receipt, possession or concealment of property described in paragraph (1) or (2), except that:...

"(ii) no conveyance shall be forfeited under the provisions of this section by reason of any act or omission established by the owner thereof to have been committed

or omitted without his knowledge or consent, which absence of knowledge or consent must be reasonable under the circumstances presented." 42 Pa.C.S. §6801(a)(4)(ii), (1988): *Commonwealth v. One 1984 Blue/Silver Olds.,* 389 Pa. Super. 53, 56, 566 A.2d 612, 613-614 (1989). (footnotes omitted)

At the hearing, the deputy attorney general moved for summary judgment, presumably because the owner of the vehicle in question had ample notice of the hearing but did not appear. Because no depositions, affidavits or testimony was offered into evidence, this court will treat the deputy attorney general's motion as a motion for judgment on the pleadings.

A motion for judgment on the pleadings is similar to a demurrer, and may be entered where there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law. *Kosar v. Harleysville Mut. Insurance Co.,* 407 Pa. Super. 68, 71, 595 A.2d 128, 129 (1991).

At the hearing it was revealed that the 1986 Dodge 600 Convertible was the subject of a similar hearing on January 7, 1991. Mrs. Levin appeared at that hearing and apparently represented to the court that she did not know or should not have known that the occupant of the vehicle was violating the Act at the time of seizure. Apparently, the forfeiture petition was not granted at that time because at that time the fact that she did not know the purpose for which Mr. Levin was using the vehicle was deemed reasonable. The occupant of the vehicle at that time was David Levin, the same person who was the occupant in the case at bar, and Mr. Levin plead guilty to charges brought under the Act.

Whether Mrs. Levin didn't know or should not have known of David Levin's drug problem prior to the first forfeiture action regarding the Dodge Convertible is unclear. It is clear, however, that after David Levin's plea of guilty, she *did* know of his drug problem. Therefore, she knew or should have known of his drug problem prior to the current action before this court. Any argument to the contrary is wholly without merit and unreasonable. In addition, Mrs. Levin had ample opportunity to appear before this court in opposition to the forfeiture petition regarding her vehicle. This court finds that the automobile in question was unlawfully used in furtherance of a drug transaction and was used to facilitate the transportation, possession and concealment of heroin. Furthermore, this court finds that Mrs. Levin had more than adequate notice of not only the hearing, but also the fact that the occupant had a drug problem. The court therefore finds that the deputy attorney general is entitled to have his forfeiture petition granted as a matter of law.

In accordance with findings of the court, the following order is hereby issued:

## ORDER

And now, June 23, 1992, after hearing held in the above-captioned matter, the court orders as follows:

All claims of right, title and interest of Althea Levin and any other claimant are hereby declared to be terminated, revoked and rendered null and void. The 1986 Dodge 600 Convertible is hereby declared to be forfeited to the Commonwealth of Pennsylvania, Berks County, Pennsylvania, in accordance with the Controlled Substance Forfeiture Act, 42 Pa.C.S. §6801, et seq., for use in accordance with the law.