## Commonwealth v. One 1983 Honda Prelude

*James E. Gavin, assistant district attorney,* for the Commonwealth.

*John A. Goldstan,* for owner.

LUDGATE, *J.,* July 20, 1992—This action is before this court upon the forfeiture petition filed by the Commonwealth against Ronald A. Stork, owner of the vehicle subject to the proposed forfeiture. A hearing was held on June 19, 1992, and supporting memorandums of law were filed by both parties.

### STATEMENT OF THE FACTS

On or about February 25, 1992, at approximately 3:30 p.m., members of the Reading Bureau of Police observed Ronald Stork driving a 1983 Honda Prelude, bearing serial number JHMA 35223DC0133653, in the area of the Oakbrook Housing Projects.

When the police first observed Ronald Stork, he was slowly driving around a block in the Oakbrook Projects. The defendant stopped the vehicle in the area of Patton Avenue and spoke to Jason Skipper. Jason Skipper was

a known drug dealer. After speaking with Skipper, the defendant then encountered Alberto Lopez, in the area of the 900 block of Scott Street. Lopez entered the defendant's car. The defendant then drove off. At the intersection of Scott and McClellan Streets, the defendant failed to stop at a posted stop sign. As a result, he was pulled over by the police.

The police officers checked the defendant's license and registration. As they were doing so, the defendant got out of his car. The police asked Ronald Stork and Alberto Lopez if they would consent to a search. Officer Vega went to the passenger side of the vehicle. Officer Vega stated that there was three feet between Mr. Lopez, the passenger, and himself. He saw Mr. Lopez jam something between his legs. Officer Vega retrieved the item and discovered seven packets of heroin inside a bag.

The search of the defendant produced no narcotics. However, the search did produce $80 in U.S. currency, which was returned to the defendant. Officer Cafoncelli stated that he returned the cash, because the defendant said that he was having problems. He also stated that he was not familiar with the forfeiture statute regarding the seizure of money.

The defendant stated that he went to the projects to see Pedro Soto. Mr. Soto was living in the area, but the defendant did not know the address. He was driving around the streets looking for Mr. Soto. He stated that he tried to find Mr. Soto, but he could not.

## DISCUSSION

Title 42 Pa.C.S. §6801(a)(4)(ii) provides as follows:

"(a) *Forfeitures generally*—The following shall be subject to forfeiture to the Commonwealth and no property rights shall exist in them:...

"(4) All conveyances, including air craft, vehicles or vessels, which are used for or intended for use to transport, or in any manner facilitate the transportation, sale, receipt, possession or concealment of property described in paragraph (1) or (2) except that:...

"(ii) No conveyance shall be forfeited under the provisions of this section by reason of any act or omission established by the owner thereof to have then committed or omitted without his knowledge or consent, which absence of malice or consent must be reasonable under the circumstances presented." *Commonwealth v. One 1984 Blue/Silver Olds,* 389 Pa. Super. 53, 56, 566 A.2d 612, 613-614 (1989).

The Commonwealth "need only aver material facts in its petition; proof of the nexus between the property and the crime is required at the time of the hearing. At that hearing, the Commonwealth must prove by a preponderance of the evidence that the property in question was used to facilitate a drug transaction." *Commonwealth v. One 1988 Ford Coupe,* 393 Pa. Super. 320, 574 A.2d 631 (1990).

The Commonwealth's main witnesses, Officers Cafoncelli and Vega testified that they observed the defendant, a white male, on February 25, 1992, in a 1983 Honda Prelude, traveling within the Oakbrook Project section of Reading, Berks County, Pennsylvania. The Oakbrook Project area is a high drug-trafficking area. The defendant drove his car slowly and then stopped to converse with a known drug dealer, Jason Skipper. After speaking with

Jason Skipper, the defendant continued driving. He then stopped and conversed with Alberto Lopez. Mr. Lopez entered the vehicle. The defendant proceeded to drive through a stop sign.

The defendant was subsequently pulled over by Officers Vega and Cafoncelli. The defendant consented to a search of his body and the car. Alberto Lopez consented to a search of his body. Officer Vega saw Mr. Lopez jam something between his legs in the defendant's car. Officer Vega retrieved the object and discovered a brown bag containing seven packets of heroin. The subsequent search of the passenger revealed eight packets of heroin, totaling 15 packets of heroin. When questioned about his presence in the Oakbrook Project area, the defendant stated that he was looking for Pedro Soto. He was unaware of his address, yet he was driving around looking for him.

The Pennsylvania Superior Court has said that by applying common sense to a situation a fact finder can conclude that a drug transaction has occurred. *Commonwealth v. Carter,* 403 Pa. Super. 615, 589 A.2d 1133 (1991). In *Carter,* the court said that a jury, using its common knowledge, could conclude a drug transaction is going on when the defendant was walking up to cars, having brief conversations, exchanging something with the occupants of the cars, the cars then driving away, and the defendant being found to have drugs in his possession. *Carter* at 619, 589 A.2d at 1135.

In *Commonwealth v. One 1984 Blue/Silver Olds, supra,* the police observed what appeared to be a drug transaction occurring and subsequently stopped the car

that was being used. The police seized a small packet of cocaine from between one of the occupants legs. Despite the fact that the claimant of the car denied knowledge that a drug transaction had occurred, the court ruled that it was more probable than not that the car in question was used to facilitate the sale of drugs. *Olds* at 57, 566 A.2d at 1613-1614.

"In order to fit within ... the exception to the forfeiture statute, the owner of the vehicle must prove not only that he was uninvolved in and unaware of the wrongful activity, but also that he had done all that reasonably could be expected to prevent the prescribed use of the property." *United States v. One 1976 Lincoln Mark IV,* 462 F.Supp. 1383 (W.D. of Pa. 1979). The evidence put forth by the defendant in utilizing the "innocent owner" theory is found not credible by this court.

## ORDER

And now, July 20, 1992, after hearing held in the above-captioned matter, the court orders as follows:

All claims of right, title and interests of Ronald A. Stork and any other claimant are hereby declared to be terminated, revoked and rendered null and void. The 1983 Honda Prelude is hereby declared to be forfeited to the Commonwealth of Pennsylvania, Berks County, Pennsylvania, in accordance with the Controlled Substance Forfeiture Act, 42 Pa.C.S. §6801 et seq. for the use in accordance with the law.