COMMONWEALTH of Pennsylvania

v.

ONE THOUSAND FOUR HUNDRED DOLLARS ($1,400) IN UNITED STATES CURRENCY, Appellant.

Commonwealth Court of Pennsylvania.

Argued Oct. 17, 1995.

Decided Nov. 13, 1995.

S. Lee Ruslander II, for appellant.

Nicholas J. Casenta, Jr., Deputy District Attorney, for appellee.

Before PELLEGRINI and KELLEY, JJ., and KELTON, Senior Judge.

PELLEGRINI, Judge.

Joseph DiJoseph (DiJoseph) appeals a decision of the Court of Common Pleas of Chester County (trial court) denying his request for a jury trial in a forfeiture action commenced by the Commonwealth of Pennsylvania (Commonwealth) under the Controlled Substances Forfeiture Act.[1]

On January 11, 1994, DiJoseph was arrested and charged with the crimes of possession[2] and possession with intent to deliver[3] five pounds of marijuana that he allegedly had purchased from a police informant. At the time of DiJoseph's arrest, the police seized his vehicle and $1,400.00 in cash.

During two pre-trial hearings on the criminal charges, the police informant testified as to the events that occurred on January 11, 1994. He stated that he and DiJoseph had agreed to meet in a parking lot so that DiJoseph could purchase five pounds of marijuana from him. The informant stated that, after inspecting the marijuana, DiJoseph gave him the $1,400.00 and said that he would have the remainder of the money later that afternoon. The informant testified that both he and DiJoseph were arrested immediately after that exchange.

The criminal charges brought against DiJoseph were disposed of via a plea bargain on November 18, 1994. As part of the bargain, DiJoseph pleaded guilty to the amended charge of criminal attempt to possess less than one pound of marijuana.[4] In the colloquy preceding his guilty plea, DiJoseph admitted that, with the specific intent, he attempted to possess the marijuana with the

intent of giving it to other persons. The $1,400.00 was not mentioned in the colloquy or the guilty plea.

Subsequently, the Commonwealth brought the present petition, seeking the forfeiture of the $1,400.00. In its petition, the Commonwealth alleged that, after the police informant had entered DiJoseph's vehicle for the purpose of selling him the marijuana, DiJoseph had indicated to the informant that he had the money in his possession and intended to use it to purchase the marijuana. Based upon this allegation, the Commonwealth requested forfeiture of the money. In his answer and new matter to the forfeiture petition, DiJoseph denied that he had intended to use the money to purchase the marijuana. DiJoseph then demanded a jury trial on the matter.[5]

In a statement of the court issued on May 8, 1995, the trial court, citing to *Commonwealth v. One 1986 Ford Mustang*, 397 Pa.Superior Ct. 116, 579 A.2d 958 (1990), denied DiJoseph's request for a jury trial. On May 10, 1995, DiJoseph objected to the denial of his request for a jury trial via a letter to the trial judge. In it, DiJoseph cited to *Commonwealth v. One 1984 Z–28 Camaro Coupe*, 530 Pa. 523, 610 A.2d 36 (1992), contending that, pursuant to the holding of that case, he has a constitutional right to a jury trial on the forfeiture action. The trial court then authorized an immediate interlocutory appeal on the issue of the right to a jury trial in forfeiture actions. DiJoseph's petition for permission to appeal was subsequently granted by this Court.

In its Rule 1925(a)[6] opinion in support of its denial of a jury trial, the trial court stated that *1984 Z–28 Camaro Coupe* is factually distinct from the present case, and therefore, does not require that DiJoseph be afforded a jury trial. Citing to Justice McDermott's concurring opinion in *1984 Z–28 Camaro*

---

1. 42 Pa.C.S. §§ 6801, 6802.

2. Act of April 14, 1972, P.L. § 13(a)(16), *as amended*, 35 P.S. § 780–113(a)(16).

3. Act of April 14, 1972, P.L. 233, § 13(a)(30), *as amended*, 35 P.S. § 780–113(a)(30).

4. 18 Pa.C.S. § 901(a).

5. DiJoseph had raised other challenges to the forfeiture petition that were denied by the trial court. They are not presently at issue before this Court.

6. Pa.R.A.P.1925(a).

*Coupe,* the trial court reasoned that a jury trial is constitutionally required in forfeiture actions only where the property of a third party is involved or where there has been no finding of fact on the issue of whether or not the property is contraband. Referring to the testimony of the informant during the two pre-trial hearings on the criminal charges filed against DiJoseph, as well as DiJoseph's guilty plea to criminal attempt to possess a controlled substance with the intent to deliver, the trial court found that there was no issue of whether the money was contraband. Consequently, the trial court held that no jury trial was warranted in the case before it.

Before this Court, DiJoseph contends that the trial court erroneously disregarded the Supreme Court's holding of *1984 Z–28 Camaro Coupe* when it denied his request for a jury trial. Arguing that the issue in the present case is identical to that decided by the Supreme Court in *1984 Z–28 Camaro Coupe,* DiJoseph contends that the trial court is bound by the holding of that case, and therefore, must honor his request for a jury trial. We agree.

In *1984 Z–28 Camaro Coupe,* the Commonwealth had filed a petition for forfeiture and condemnation of a vehicle pursuant to the Controlled Substances Forfeiture Act. The owners of the vehicle then filed a claim thereto and demanded a jury trial. Overruling this Court's opinion that a jury trial was neither statutorily nor constitutionally required in forfeiture actions, the Supreme Court held that property owners are entitled to a jury trial in forfeiture actions, pursuant to Article 1, Section 6 of the Pennsylvania Constitution, where there is an issue as to whether the seized goods are contraband. The Supreme Court reasoned that there was a right to a jury trial in 1790 for forfeiture actions involving the seizure on land of goods which the owner claims are not contraband, and that such actions do have a common law basis.[7]

In the present case, DiJoseph's guilty plea to the crime of attempt to possess marijuana and corresponding colloquy did not mention the $1,400.00. Furthermore, in his answer to the forfeiture petition, DiJoseph denied that he intended to use the money to purchase the marijuana. During oral argument, the Commonwealth agreed that this creates an issue of fact as to whether the $1,400.00 seized at the time of DiJoseph's arrest is subject to forfeiture. Because this issue of fact exists, DiJoseph is entitled to a jury trial.

Accordingly, the trial court's denial of DiJoseph's request for a jury trial is reversed.

### ORDER

AND NOW, this 13th day of November, 1995, the order of the Court of Common Pleas of Chester County, at No. 266 MISC. 1995, dated May 10, 1995, is reversed. The matter is remanded, and the trial court is directed to provide a jury trial in this matter.

Jurisdiction relinquished.

---

7. It should also be noted that, while there have been no cases subsequent to *1984 Z–28 Camaro Coupe* which directly address the issue of whether the owner of seized property is entitled to a jury in a forfeiture action, such a right has been impliedly recognized by several decisions of this Court. *See Commonwealth v. Fidelity Bank Accounts,* 158 Pa.Cmwlth. 109, 631 A.2d 710 (1993).