514 A.2d 165

**In the Interest of William DIXON.**

**Appeal of William DIXON.**

Superior Court of Pennsylvania.

Argued June 18, 1986.

Filed Aug. 20, 1986.

106

Karl Baker, Assistant Public Defender, Philadelphia, for appellant.

Before CIRILLO, President Judge, and CAVANAUGH and TAMILIA, JJ.

CIRILLO, President Judge:

This is an appeal from an adjudication of delinquency and commitment ordered by the Court of Common Pleas of Philadelphia County. Appellant, a minor at the time of his arrest, was charged with burglary, theft, receiving stolen property, criminal trespass, and conspiracy. A motion to suppress was granted in part and denied in part. The admissable evidence established at the suppression hearing was incorporated into the trial record. Appellant was adjudicated delinquent on the charge of receiving stolen property. We reverse.

Appellant contends that the trial court erred in failing to suppress the physical evidence seized. Appellant was stopped for investigation by a uniformed policeman who had received information over the police radio that a plain

clothes unit was chasing two black males. Appellant was observed running in full stride approximately two minutes after the officer received the information over the police radio.

Responding to police questioning, appellant identified himself as "Tyrone Dixon" and stated that he had no identification. The officer observed papers protruding from appellant's pocket which, according to the officer, appeared to include some form of identification. Upon examining the papers, the police discovered a school ID bearing the name "William Dixon." The police officer testified that he then conducted a "thorough search" of appellant's pockets, clothes, and school bags. During the search of appellant's pockets, the officer found a heart-shaped gold charm. The officer justified the search on the basis that he did not believe appellant was telling the truth and to check if appellant had any weapons.

The question which we need to resolve is whether the officer was justified, under the circumstances, to conduct a thorough search of appellant. As this Court stated in *Commonwealth v. Cavalieri*, 336 Pa.Super. 252, 485 A.2d 790 (1984), we must decide whether the search was reasonable both in its inception and in the manner it was conducted. "[I]n justifying the particular intrusion a police officer must be able to point to specific and articulable facts which, taken together with rational infrences from those facts, reasonably warrant that intrusion." *Cavalieri*, 336 Pa.Super. at 255, 485 A.2d at 792, *quoting Terry v. Ohio*, 392 U.S. 1, 21, 88 S.Ct. 1868, 1879, 20 L.Ed.2d 889 (1968).

In *Commonwealth v. Hicks*, 434 Pa. 153, 253 A.2d 276 (1969), the Supreme Court of Pennsylvania stated that a limited search of an individual's outer clothing may be conducted in an attempt to discover weapons which may endanger the safety of the police officer "*if* the police officer observes unusual or suspicious conduct ... which leads him to reasonably believe criminal activity may be afoot and the person with whom he is dealing may be armed and dangerous." *Id.* 434 Pa. at 158–159, 253 A.2d at 279

(emphasis in original); *see also Commonwealth v. Cortez,* 507 Pa. 529, 533, 491 A.2d 111, 113 (1985), *cert. denied* —— U.S. ——, 106 S.Ct. 349, 88 L.Ed.2d 297 (1985).

In the instant case, the police officer *may* have reasonably believed that criminal activity was afoot given the message which he had recently received over the police radio, followed by observing appellant running, and upon questioning, having received a name other than that indicated on the identification. However, the record is devoid of any evidence that the officer "reasonably believed" that the appellant was "armed and dangerous."

As in *Cavalieri,* we find that regardless of whether the officer was justified in initiating a protective search of appellant, he exceeded the permissible scope of a *Terry* type of search. The Supreme Court of the United States noted that a protective search must "be confined in scope to an intrusion reasonably designed to discover guns, knives, clubs, or other hidden instruments for the assault of the police officer." *Terry v. Ohio,* 392 U.S. 1, 29, 88 S.Ct. 1868, 1888, 20 L.Ed.2d 889 (1968); *see also Commonwealth v. Cavalieri, supra.*

Assuming *arguendo* there were grounds for a *Terry* type protective search, we find that the "thorough search" of the appellant was beyond the scope of the *Terry* pat-down. It stretches the bounds of reason to believe that in a *Terry* pat-down, a heart-shaped charm would reasonably be mistaken for a dangerous weapon. In short, the "thorough search" of the appellant is not reasonable in the manner it was conducted in that the officer could not justify the particular intrusion by pointing to specific and articulable facts which would reasonably warrant that intrusion.

Consequently, we must vacate the adjudication of delinquency and commitment and remand the matter for a new adjudicatory hearing consistent with this opinion.

Reversed and remanded. Jurisdiction is relinquished.