539 A.2d 849

**COMMONWEALTH of Pennsylvania**

v.

**Omar CRUZ ORTEGA, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 8, 1988.

Filed March 28, 1988.

Thomas G. Klingensmith, Assistant Public Defender, Lancaster, for appellant.

James J. Karl, Assistant District Attorney, Lancaster, for Com., appellee.

Before OLSZEWSKI, MONTEMURO and WATKINS, JJ.

OLSZEWSKI, Judge:

This is an appeal from a judgment of sentence imposed after appellant was convicted by jury of possession with intent to deliver and criminal conspiracy. On appeal, appellant claims that: (1) the Commonwealth failed to prove beyond a reasonable doubt that appellant possessed contraband; (2) the evidence was insufficient to prove that appellant actively participated in a conspiracy; and (3) the eleven

and one-half to twenty-three month sentence was excessive. We affirm the decision of the trial court.

The trial court put forth the facts as follows.

On May 16, 1986, Detectives Jan Walters and William J. Chalfant of the Lancaster City Police Department were conducting surveillance in the City of Lancaster based upon information that [Rolando U.] Martinez was driving a vehicle in which cocaine was located. The detectives sighted the vehicle and proceeded after it in their cruiser on South Prince Street in Lancaster City. The suspect vehicle thereupon picked up speed, moved into the right hand lane, and as it approached the intersection with Conestoga Street, the driver, who was Martinez, activated the right-turn directional signal. As the detectives' cruiser proceeded to do likewise, the suspect vehicle swerved back into the left-hand lane and made a left turn onto Conestoga Street. Shortly thereafter, another police unit arrived on the scene and blocked the path of the suspect vehicle. Martinez was the driver of the vehicle and [appellant] was seated in the front passenger's seat. Shortly before the suspect vehicle was forced to stop, [appellant] was observed leaning over in his seat. Martinez consented to a search of the vehicle, and, under the front passenger's seat, the detectives found a package containing a substance which they suspected to be cocaine.

The vehicle in which [appellant] and Martinez were riding was rented from an agency in North Bergen, New Jersey, whose records indicated that it was rented to a Victor Oliva, of 2514 Summit Avenue, Union City, New Jersey. [Appellant's] address is 71 26th Street, Union City, New Jersey. Martinez' address is 433 South Prince Street, in Lancaster City. At the time of the arrest, the detectives found two items in the glove compartment of the suspect vehicle. One was a parking ticket issued by the Lancaster City Police Department on May 15, 1986, the day prior to the arrest, citing the suspect vehicle for a parking violation at 435 South Prince Street. The second item

recovered from the glove compartment was a receipt from a Western Union money order showing the sender's name as "Omar Cruz", of 433 South Prince Street, Lancaster, Pennsylvania. Counsel stipulated to the fact that the packet found under the front passenger's seat of the suspect vehicle contained approximately two ounces of cocaine.

Opinion at 3–4 (citations omitted).

Appellant first asserts that because the evidence established that the cocaine was found under the passenger's seat of a rented automobile, the Commonwealth failed to prove beyond a reasonable doubt that appellant possessed contraband. The Commonwealth's case was based on constructive possession. Regarding constructive possession, our Supreme Court has declared:

Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as "conscious dominion." *Commonwealth v. Davis*, 444 Pa. 11, 15, 280 A.2d 119, 121 (1971). We subsequently defined "conscious dominion" as "the power to control the contraband and the intent to exercise that control." *Commonwealth v. Macolino*, 503 Pa. 201, 206, 469 A.2d 132, 134 (1983)....

To aid application, we have held that constructive possession may be established by the totality of the circumstances. *Commonwealth v. Fortune*, 456 Pa. 365, 318 A.2d 327 (1974).

*Commonwealth v. Mudrick*, 510 Pa. 305, 308, 507 A.2d 1212, 1213 (1986).

■ Instantly, the totality of the circumstances support a finding of constructive possession. The record reflects that appellant had access to the contraband, the power to control it, and the requisite intent to exercise control over it. *Commonwealth v. Speaks*, 351 Pa.Super 149, 505 A.2d 310

(1986).[1] Further, it is of no consequence that the vehicle was rented or by which of the co-conspirators it was rented. A search of the vehicle disclosed that a money order which appellant had purchased was found in the glove compartment. Opinion at 4. "[C]onstructive possession may be found in either or both actors if contraband is found in an area of joint control and equal access." *Mudrick, supra*, 510 Pa. at 309, 507 A.2d at 1214. We find that the evidence establishes that appellant had as much control of and access to the rented vehicle as Martinez. We are satisfied, based on the foregoing, that the Commonwealth established constructive possession beyond a reasonable doubt.

■ Next, appellant maintains that the evidence was insufficient to prove a conspiracy. Specifically, appellant contends that the Commonwealth did not establish the requisite elements of an agreement and shared criminal intent. We have determined that an explicit or formal agreement to commit crimes can seldom be proved and it need not be, for proof of a criminal partnership may be extracted from circumstances that surround the crime. *Commonwealth v. Campbell*, 353 Pa.Super. 178, 509 A.2d 394 (1986). "A conspiracy may be proven inferentially by showing the relation, conduct, or circumstances of the parties, and the overt acts of alleged co-conspirators are competent as proof that a criminal confederation has in fact been formed." *Id.*, 353 Pa.Superior Ct. at 181, 509 A.2d at 395 (citations omitted); *see also Commonwealth v. Mills*, 332 Pa.Super. 75, 480 A.2d 1192 (1984). It follows that shared criminal intent may likewise be proven circumstantially. *Commonwealth v. Davenport*, 307 Pa.Super. 102, 452 A.2d 1058 (1982).

■ In the present case, the Commonwealth showed that appellant and Martinez were together in a vehicle, in constructive possession of cocaine, and attempting to elude

1. The cocaine was found under the seat in which appellant was sitting. Before police stopped the vehicle, appellant was observed leaning over in his seat. We conclude that this evidence is sufficient to establish access to and control of the contraband.

police. From this evidence, the jury could properly infer that appellant and Martinez had been acting in concert in possessing cocaine with intent to deliver. This claim is meritless.

 Finally, appellant contends that the sentence of eleven and one-half to twenty-three months was excessive under the circumstances. We do not agree. It is well established that sentencing is a matter within the sound discretion of the trial court and will not be disturbed unless it is outside the statutory limits or manifestly excessive so as to inflict too severe a punishment. *Commonwealth v. Yacoubian*, 339 Pa.Super. 413, 489 A.2d 228 (1985), citing *Commonwealth v. Gaus*, 300 Pa.Super. 372, 377, 446 A.2d 661, 664 (1982).

 Appellant's sentence was within the statutory maximum.[2] Therefore, we proceed to determine if the sentence was manifestly excessive. When a sentencing court deviates from the sentencing guidelines, it is important that the court reflect a consideration of the sentencing guidelines, the background and character of the defendant, the circumstances of the crime, and impose a sentence that is consistent with the protection of the public and the rehabilitative needs of the defendant. *Commonwealth v. Arent*, 352 Pa.Super. 520, 508 A.2d 596 (1986); 42 Pa.C.S.A. § 9711(b).

 When imposing sentence, the trial court in the instant case thoroughly evaluated appellant's history, situation, and character. The court also indicated that it had considered the sentencing guidelines and the penalty authorized by the legislature. Further, the court acknowledged the circumstances of the crime and noted the effect of cocaine on the community. We find that the sentence imposed was not manifestly excessive.

The judgment of sentence is affirmed.

2. The maximum sentence for possession with intent to deliver cocaine is ten years and/or $100,000. 35 P.S. § 780–113(f)(1.1). Conspiracy is a crime of the same grade and degree as the offense which is the object of the conspiracy. 18 Pa.C.S.A. § 905. Therefore, the statutory maximum for the conspiracy was also ten years and/or $100,000.