631 A.2d 625

COMMONWEALTH of Pennsylvania, Appellee,

v.

Christopher John AUSTIN, Appellant.

Superior Court of Pennsylvania.

Argued June 10, 1993.

Filed Sept. 13, 1993.

468

Charles A. Banta, Easton, for appellant.

Tamara Greenfield, Asst. Dist. Atty., Easton, for Com., appellee.

Before OLSZEWSKI, POPOVICH and CERCONE, JJ.

POPOVICH, Judge:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Northhampton County entered after appellant was convicted of possession of cocaine [1] and possession with intent to deliver cocaine.[2] We affirm.

On March 15, 1991, Christopher John Austin and Courtney Brown were driving on Route 33 in Northhampton County. At approximately 1:15 A.M., Austin, the appellant, pulled off to the side of the road so that Brown could take his shift as driver. Austin turned on the car's emergency flashers as he exited the automobile and proceeded to move toward the

1. 35 P.S. § 780–113(a)(16).
2. 35 P.S. § 780–113(a)(30).

passenger side of the vehicle. At this time, a Pennsylvania State police car pulled up behind Brown and Austin to see if the two men needed assistance. As the police officers approached the vehicle, Austin sat down in the passenger seat of the vehicle while Brown moved to the driver's position. When approached by the police officer, Austin told Trooper Rivera that he and Brown were changing drivers and that there was no problem. Austin also informed the trooper that the two men were on their way to Virginia. At the same time, Trooper Pardoe asked Brown where the two men were going and Brown answered that the two were going to Pennsylvania. The troopers then noticed that there was only a small gym bag in the car. The troopers found the lack of luggage to be inconsistent with Austin's statement that he and Brown had been traveling for several days. At this point, Trooper Rivera asked Brown if he could look in the trunk of the car. Brown opened the trunk, and the trooper found no additional luggage. While Trooper Pardoe was looking in the trunk, Trooper Rivera was talking to Austin, who remained in the passenger seat of the vehicle. As the trooper was speaking with Austin, she noticed that he was suspiciously fidgeting and fumbling with a plastic bag that was located on the floor of the car in front of him. The officer later testified that this action made her nervous. When the officer asked about the contents of the bag, Austin told her that it was dirty underwear, and that the contents of the bag were "real nasty." Trooper Pardoe then became concerned that the bag might contain a weapon. The officer asked appellant to exit the car so that she could do a protective search of the vehicle. The officer picked up the bag, and, upon inspection, she found that the bag contained a substance that looked like vanilla fudge. It was later determined that the substance was cocaine.

Appellant and Brown were taken to the police barracks where they were arrested and charged with unlawful possession of a controlled substance and possession of a controlled substance with intent to deliver. On November 7, 1991, a Northhampton County jury returned a guilty verdict against

both Austin and Brown. Post trial motions were denied, and this appeal followed.

The first issue appellant raised on appeal was that the lower court erred when it refused to suppress the controlled substance seized at the time of arrest. When we review the ruling of a suppression court we must determine whether the factual findings are supported by the record. When it is a defendant who has appealed, we must consider only the evidence of the prosecution and so much of the evidence for the defense as, fairly read in the context of the record as a whole, remains uncontradicted. Assuming that there is support in the record, we are bound by the facts as are found and we may reverse the suppression court only if the legal conclusions drawn from those facts are in error. *Commonwealth v. Cortez*, 507 Pa. 529, 491 A.2d 111 (1985), *cert. denied*, 474 U.S. 950, 106 S.Ct. 349, 88 L.Ed.2d 297 (1985) (citations omitted).

In *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), the U.S. Supreme Court held that law enforcement officials could stop and conduct a pat down search for weapons of a person suspected of criminal activity. In *Michigan v. Long*, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983), the Supreme Court extended the *Terry* search to automobiles. *Id.* at 1035, 103 S.Ct. at 3473. The standard the Court established in *Long* was that an officer has the right to conduct a weapons search of an automobile if there is a reasonable belief that the suspect is dangerous and that the suspect might gain immediate control of weapons. *Id.* at 1051, 103 S.Ct. at 3482. Specifically, the Supreme Court stated:

> The search of the passenger compartment of an automobile, limited to those areas in which a weapon may be placed or hidden, is permissible if the police officer possesses a reasonable belief based on 'specific and articulable facts which, if taken together with the rational inferences from those facts reasonably warrant' the officers in believing that the suspect is dangerous and the suspect may gain immediate control of weapons.

*Id.* In *Long,* the Court also held that contraband found during the protective search could not be ignored and did not warrant suppression under the Fourth Amendment's protection against unreasonable searches and seizures. *Id.* at 1053, 103 S.Ct. at 3483.

Pennsylvania cases hold that it is the reasonableness of a police officer's actions that determine the constitutionality of a search and seizure. *Commonwealth v. Hicks,* 434 Pa. 153, 253 A.2d 276 (1969); *Commonwealth v. Rehmeyer,* 349 Pa.Super. 176, 502 A.2d 1332 (1985), *appeal denied,* 516 Pa. 613, 531 A.2d 780 (1987); *In the Interest of William Dixon,* 356 Pa.Super. 105, 514 A.2d 165 (1986). In *Rehmeyer,* this court recognized that the reasonableness of a search depends on the balance between the public interest and an individual's right to be free from arbitrary interferences by law enforcement officers. *Rehmeyer,* 502 A.2d at 1335, *citing, United States v. Brignoni–Ponce,* 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975). In testing the reasonableness of a search, we must balance the safety of the police officer against appellant's right to be free from arbitrary searches. *Rehmeyer,* 502 A.2d at 1336; *see also Commonwealth v. Cortez,* 507 Pa. 529, 491 A.2d 111 (1985), *cert. denied,* 474 U.S. 950, 106 S.Ct. 349, 88 L.Ed.2d 297 (1985) (finding search legal when based on facts that hour was late, weather was snowy, streets were empty, dogs were barking, and appellant did not produce identification).

In the instant case, the troopers articulated numerous facts, which, if taken together, could have reasonably led them to believe that the suspects were dangerous and that the suspects might gain immediate control of weapons. First, the police officers testified that their contact with appellant occurred late at night. N.T., November 4, 1991, p. 59. It is well-settled that an encounter that occurs late at night is inherently more dangerous than one that occurs during the day, particularly when the suspects appear shaky and inordinately nervous, as in this case. *Id.* at 1050.

When the officers approached the suspects in this case, they asked each man about his destination. The officers heard

hesitant and inconsistent answers from the two men. Next, the officers noted that there was only one gym bag in the car despite the defendants' admissions that they had been traveling for several days. The lack of luggage raised the officers' suspicions that the two men might be engaged in illegal activities. Significantly, the officers noted that the vehicle driven by the defendants was registered to someone other than the defendants. There was no evidence of any connection between either of the defendants and the registered owner. Finally, when appellant was being questioned by Officer Pardoe, he was continually touching and turning the bag that was between his legs.

Appellant points out that when viewed individually there may be an innocent explanation for the facts listed above. However, we are not to examine each fact standing alone. Only when the facts are examined in totality can we judge whether the troopers acted reasonably. *Long*, 463 U.S. at 1051, 103 S.Ct. at 3482. In the instant case, it was reasonable for the officers to have believed that the suspects were dangerous and that a protective search of the automobile was necessary in order to ensure their own safety. The officers' actions were not based on a simple hunch, but on several specific articulated facts that led them to believe that the defendants were dangerous and might gain immediate control of weapons. The time of the encounter, the inconsistent answers given by appellant and Brown, the vehicle registration, the lack of luggage, and appellant's suspicious behavior in regard to the bag are all factors that lead us to conclude that the search was reasonable and was necessary to protect the police officers. Thus, we hold that the lower court had sufficient legal and factual basis on which to base its decision not to suppress the evidence.

We note that the facts of this case are somewhat similar to the facts of *Commonwealth v. Fountain*, 423 Pa.Super. 296, 621 A.2d 124 (1992). In *Fountain*, this court affirmed the suppression of a gun found during a protective search of an automobile. The search in *Fountain* occurred after the suspects had been pulled over for a minor traffic infraction. The

search occurred late at night, and the occupants were unable to produce a registration card for the vehicle. Additionally, the investigating officer observed a great deal of movement between the occupants of the vehicle. The *Fountain* court held that under these facts the officer could not have a reasonable belief that the driver or any of the occupants were dangerous and that they could gain immediate control of weapons. *Id.* 621 A.2d at 127. We find that the present case can be distinguished from *Fountain.* In the present case, the suspects gave inconsistent answers to the police officers when questioned, and the officers noticed a suspicious lack of luggage. Most significant in the present case, however, is that the officer saw appellant touching and playing with the bag on the floor. The officer in *Fountain* did not point to any one specific movement that could reasonably lead one to believe that weapons were located in the vehicle. Additionally, we note that in *Long* the U.S. Supreme Court specifically ruled that a protective search was legal even when the suspects are detained outside the vehicle. *Long* at 1051–1052.

 Appellant's second argument was that the Commonwealth failed to establish constructive possession of the controlled substance. In ruling on whether appellant's demurrer was properly denied, the test we are to apply is whether, accepting as true all the Commonwealth's evidence and all the reasonable inferences therefrom, it was sufficient to support a finding by the jury that appellant was guilty beyond a reasonable doubt. *Commonwealth v. Turner*, 491 Pa. 620, 421 A.2d 1057 (1980).

Constructive possession has been defined by our Supreme Court as the power to control contraband and the intent to exercise control over the contraband. *Commonwealth v. Macolino*, 503 Pa. 201, 206, 469 A.2d 132, 134 (1983). Our Supreme Court has also held that constructive possession may be proved through circumstantial evidence and that the totality of the circumstances can be examined to determine if constructive possession exists. *Commonwealth v. Fortune*, 456 Pa. 365, 318 A.2d 327 (1974).

Appellant relies on this court's opinion in *Commonwealth v. Juliano*, 340 Pa.Super. 501, 490 A.2d 891 (1985), to support its position. In *Juliano*, the only evidence the Commonwealth presented was that a satchel seized from a car was found at the appellant's feet. In reversing the judgment of sentence, this court specifically noted that there was no evidence, such as a furtive movement, from which it could be inferred that appellant knew of the contents of the satchel. *Id.* 510 Pa. at 506, 490 A.2d at 894.

In the present case, the Commonwealth presented evidence that the bag was found at the feet of appellant and that appellant was touching the bag. Because of appellant's continuous touching of the bag, we find this case distinguishable from *Juliano*. This case is more similar to *Commonwealth v. Cruz Ortega*, 372 Pa.Super 389, 539 A.2d 849 (1988). In *Cruz Ortega*, this court stated that "[t]he cocaine was found under the seat in which appellant was sitting. Before police stopped the vehicle, appellant was observed leaning over in his seat. We conclude that this evidence is sufficient to establish access to and control of the contraband." *Id.* 372 Pa.Super. at 393 n. 1, 539 A.2d at 851 n. 1. In the present case, the officer actually saw appellant touch the bag in which the cocaine was discovered. Additionally, the lower court found that appellant lied about the contents of the bag when he claimed that the bag contained dirty underwear in an effort to keep the officer from looking in the bag. Taking into account the totality of the circumstances, the Commonwealth's evidence was sufficient to support a finding by the jury that appellant was guilty of possession beyond a reasonable doubt. Accordingly, the court properly denied the demurrer.

█ Appellant also argued that the court erred in refusing to grant appellant's directed verdict motion on the issue of constructive possession. When reviewing a denial of a motion for a directed verdict we can only reverse if the prosecution's evidence, and all inferences arising therefrom, considered in the light most favorable to the prosecution is insufficient to prove beyond a reasonable doubt that the accused is guilty of the crimes charged. *Commonwealth v. Potts*, 314 Pa.Super.

256, 460 A.2d 1127 (1983). Based upon the same evidence noted above, the court properly denied the directed verdict motion since the evidence, considered in the light most favorable to the prosecution, was sufficient to prove beyond a reasonable doubt that the accused was guilty of possessing or intending to possess a controlled substance.

Next, appellant asserted that the court erred in denying appellant's motion to sever. The motion was made at the start of the second day of trial. Technically, we find that the right to raise a motion to sever was waived because it was not raised in an omnibus pretrial motion. Pa.R.Crim.P. No. 306. However, because the trial court addressed the issue on its merits, we will examine appellant's argument. *Commonwealth v. Sheaff,* 365 Pa.Super. 613, 530 A.2d 480 (1987), *appeal granted,* 518 Pa. 655, 544 A.2d 1342 (1988); *Commonwealth v. Hewett,* 380 Pa.Super. 334, 551 A.2d 1080 (1988), *appeal denied,* 522 Pa. 583, 559 A.2d 526 (1989).

The decision of the trial court not to sever will not be disturbed absent an abuse of discretion by the court. *Commonwealth v. Dumas,* 299 Pa.Super. 335, 445 A.2d 782 (1982). The critical factor is whether the moving party is prejudiced as a result of the trial court's decision. *Commonwealth v. Iacino,* 490 Pa. 119, 415 A.2d 61 (1980); *Commonwealth v. Tolassi,* 489 Pa. 41, 413 A.2d 1003 (1980).

The motion to sever arose during trial as a result of a comment made by Officer Pardoe when Pardoe was being questioned by Brown's counsel. Brown's counsel was attempting to establish that his client was not responsible for the drugs found in the automobile. Trooper Pardoe was questioned as follows: "Did [Brown] also tell you anything about the yellow bag at the time he was picked up by Mr. Austin?" N.T., November 4, 1991, p. 86. Trooper Pardoe answered: "He told me it was in there when he got in the car." *Id.* At the start of trial the next day, appellant's counsel asked for a severance of the trial and a mistrial because counsel believed the statement was inculpatory against appellant. Both motions were denied.

Co-defendant Brown's statement to the officer was an antagonistic statement to appellant's case; however, our Supreme Court has held that more than a bare assertion of antagonism is necessary before severance is required. *Commonwealth v. Chester*, 526 Pa. 578, 587 A.2d 1367 (1991); *Commonwealth v. Morales*, 508 Pa. 51, 494 A.2d 367 (1985). In *Chester*, our Supreme Court held that the mere fact that one defendant may try to save himself at the expense of another is not sufficient grounds to order separate trials. *Id.* 587 A.2d at 1373. Instantly, defendant Brown was trying to save himself with his statement that the yellow bag was in the car when he joined appellant. This statement was not sufficiently prejudicial to warrant separate trials, and, therefore, we find that the trial court did not abuse its discretion.

At the same point in the proceedings, the trial court correctly denied appellant's motion for a mistrial. Since the admission of the statement and the joinder of the parties at trial was correct, appellant's argument for a mistrial was meritless.

We now address appellant's various claims that the court unfairly allowed the Commonwealth to make certain remarks during closing arguments and that the court showed bias against appellant in a portion of its charge and in certain rulings throughout the trial. First, appellant argues that the judge was biased because he did not grant appellant's demurrer on the issue of constructive possession. As we have already noted, the trial judge correctly viewed the evidence in the light most favorable to the Commonwealth and came to a decision. There is no evidence, in this instance, of any bias on the part of the trial judge simply because the judge ruled against appellant.

Next, appellant asserts that the judge showed prejudice because he allowed certain comments by the prosecutor during closing arguments. Specifically, the defense objected to the prosecutor's comment that: "a mule doesn't get paid until he delivers the goods." N.T., November, 7, 1991, p. 223. The Commonwealth's "mule" statement was in response to the defense's argument that since no large sums of money were

found in the car, the defendants could not be drug dealers. Clearly, the prosecutor can counter the arguments of defense counsel in closing argument. Additionally, the prosecutor's statements were reasonable inferences supported by the record, and this court has held that a prosecutor is free to argue reasonable inferences that are supported by the record. *Commonwealth v. Kelly*, 319 Pa.Super. 204, 465 A.2d 1301 (1983). Thus, the "mule" statement was properly admitted by the trial judge.

Appellant argued that the trial judge was biased in his charge to the jury. When reviewing jury instructions, we must consider the charge as a whole and not simply isolated excerpts. Further, we must consider the general effect of the charge to determine whether reversible error has been committed by a trial court. *Commonwealth v. Myers*, 376 Pa.Super. 41, 50–52, 545 A.2d 309, 314 (1986), *appeal denied*, 522 Pa. 588, 561 A.2d 741 (1989). "A jury instruction will be upheld so long as it 'sufficiently and accurately apprises a lay jury of the law it must consider in rendering its decision.'" *Commonwealth v. Calderini*, 416 Pa.Super. 258, 611 A.2d 206, 210 (1992), *appeal denied*, 533 Pa. 656, 625 A.2d 1190 (1993), *quoting Commonwealth v. Prosdocimo*, 525 Pa. 147, 154, 578 A.2d 1273, 1276 (1990).

Defendant contends that the trial judge exhibited bias toward the defendants by referring to the Commonwealth as "we" and the defendants as "they" in his charge to the jury. First, it should be noted that on each occasion the trial judge used "we" to refer to the Commonwealth, he stated that he was summarizing the Commonwealth's contentions. More importantly, the judge gave a similar instruction when he discussed the defendants' contentions. On several occasions he used "we" to discuss the defendants' claims. (N.T., November 7, 1991, pp. 244–245) When the judge's instructions are taken as a whole it is clear that the general effect of the charge was fair to both the Commonwealth and appellant.

Finally, appellant asserted that his rights were violated by the refusal of the court to grant his release on nominal bail.

We decline to address this issue because the issue was waived by appellant and not ruled on by the court below. Pa.R.A.P. No. 1925(b); *Commonwealth v. Phillips,* 411 Pa.Super. 329, 601 A.2d 816 (1992), *appeal granted,* 530 Pa. 665, 610 A.2d 45 (1992).

Judgment of sentence affirmed.