J-A07016-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOBE WRIGHT | |
| Appellant | No. 1368 WDA 2015 |

Appeal from the Judgment of Sentence August 12, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0016470-2014

BEFORE: OLSON, STABILE, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STABILE, J.:                     **FILED JUNE 5, 2017**

Appellant, Jobe Wright, appeals from the August 12, 2015 judgment of sentence entered in the Court of Common Pleas of Allegheny County ("trial court") sentencing Appellant to a period of incarceration of 11 months and 29 days to 23 months and 29 days for firearms not to be carried without a license.[1] Appellant is challenging the denial of his motion to suppress. Upon review, we affirm.

Following a motor vehicle stop on October 19, 2014, Appellant was charged with carrying a firearm without a license, persons not to possess,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 6106(a)(1).

use, manufacture, control, sell or transfer firearms,[2] and two motor vehicle code violations. Appellant filed an omnibus pretrial motion to suppress on April 10, 2015. A hearing was held on Appellant's motion on May 13, 2015. The trial court summarized the factual findings and evidence presented at the suppression hearing as follows.

> On May 13, 2015, [the trial court] conducted a suppression hearing followed by a non-jury trial. The Commonwealth called only one witness, Officer Devin McGee ("McGee") at the suppression hearing. McGee has been employed with the City of Pittsburgh Police since 2012. On October 19, 2014, he was patrolling the Hill District of Zone 2, which is a high crime area, with homicides, shootings, drug trafficking, robberies and gang violence. McGee testified he frequently patrolled the Hill District.

> On October 19, 2015, McGee initiated a traffic stop of the vehicle [Appellant] was operating as the registration plate had an expired tag on it. When he ran the plate, it came back with no registration at all. When McGee initially stopped the vehicle, he saw the passenger side door open a few inches and there was tint on the windows. He also was able to observe a sticker hanging in the left rear window by one piece of tape. It appeared to be a temporary registration tag, but it was not secured to the window as it should be, secured by tape all the way around. McGee approached the vehicle's driver side and made contact with [Appellant]. As McGee was informing [Appellant] as to why he was being pulled over, [Appellant] kept his hands between his legs, was visibly shaking, breathing heavy and then move[d] as if he were about to reach under the seat. The Officer identified Mr. Wright as [Appellant] in the red jumpsuit at defense table.

> There were three people in the vehicle. [Appellant] was the only one with identification. The other two provided their names and birthdates, which McGee verified. The back seat

---

[2] 18 Pa.C.S.A. §§ 6106(a)(1) and 6105, respectively.

passenger made a fist and hid it under his leg, and this put McGee on alert that he may be trying to hide or retrieve a weapon. Backup arrived next and because McGee told him of the movements, they began to have the occupants exit the vehicle. They were patted down for weapons and none were found. They were seated down on the curb behind the vehicle in between it and the police vehicle. McGee then began a wingspan search for weapons, starting at the driver's side. McGee keyed in on the lower area near the driver's lap would be as that's where he observed [Appellant's] hands moving and, then, he looked under the seat and observed a firearm.

At the time of the search, McGee had his dash cam video running and he was wearing a body microphone. He was able to copy the video and save it onto a disk and the microphone picked up the audio of the incident. The Commonwealth offered the stipulated dash cam video into evidence and played it before [the trial court]. McGee asked [Appellant] who owned the vehicle and he replied that it was his. After McGee retrieved the firearm, he placed [Appellant] into custody. At that point, the vehicle was to be towed away because [Appellant] was the driver, it was illegally parked and the other two occupants did not have a driver's license. As a standard procedure, an inventory search was performed to protect the officers from any accusations that something of value was stolen out of the car. During the inventory search another firearm was found under the passenger seat.

Regarding the firearm under the driver's seat, McGee stated that it was positioned as if you had it in your hand, with the grip closest to the driver's side and the barrel facing the rear seat and tucked under the seat within inches. When McGee saw [Appellant] making movements toward the front edge of the seat, he feared for his safety. In addition, McGee asked [Appellant] if he was licensed to carry and he said "no." McGee retrieved the firearm only after he became aware [Appellant] wasn't licensed to carry.

At the conclusion of the suppression hearing, [the trial] court denied the omnibus pre-trial motion to suppress. The non-jury-trial began immediately thereafter. [The] Commonwealth next moved to integrate McGee's testimony as well as the video evidence into the non-jury hearing.

Trial Court Opinion, 6/15/16, at 3-6.

At the conclusion of the non-jury trial, Appellant was found guilty of carrying a firearm without a license and persons not to possess firearms. The trial court found Appellant not guilty of the motor vehicle code violations. The trial court sentenced Appellant on August 12, 2015.[3] On September 8, 2015, Appellant filed a notice of appeal. The trial court directed compliance with Pa.R.A.P. 1925(b), and after multiple extensions of time, Appellant filed a concise statement of errors complained of on appeal on March 21, 2016. The trial court issued a Pa.R.A.P. 1925(a) opinion on June 15, 2016.

Appellant raises one issue on appeal, which we repeat verbatim.

I.  Whether the trial court erred in not granting [Appellant's] motion to suppress the Hi Point firearm found under the driver's seat of his car when the police did not have a warrant to search [Appellant's] car and, under the circumstances of this case, no exception to the warrant requirement was applicable[.]

Appellant's Brief at 5.

Our standard of review for a denial of a motion to suppress is well established.

_____

[3] Appellant was sentenced to a period of incarceration of 11 months and 29 days to one year, 11 months, and 29 days followed by a period of five years' probation on the firearm to be carried without a license. The trial court imposed no additional sentence on the persons not to possess charge.

> [a]n appellate court may consider only the Commonwealth's evidence and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the factual findings of the trial court, the appellate court is bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error. However, it is also well settled that the appellate court is not bound by the suppression court's conclusions of law.

***Commonwealth v. Nguyen***, 116 A.3d 657, 663-64 (Pa. Super. 2015) (citations omitted). During an investigative stop, an officer must have reasonable suspicion based upon the totality of the circumstances to conduct a limited search. ***See Commonwealth v. Carter***, 105 A.3d 765, 769 (Pa. Super. 2014) (*en banc*) (citation omitted). Moreover,

> "When a police officer lawfully stops a motorist for a violation of the Pennsylvania Motor Vehicle Code, the officer is permitted to ask the drive [(sic)] to step out of the vehicle 'as a matter of right'." ***Commonwealth v. Parker***, 957 A.2d 311 (Pa. Super. 2008), *appeal denied*, 600 Pa. 755, 966 A.2d 571 (2009). Further, "an officer has the right to conduct a weapons search of an automobile if there is a reasonable belief that the suspect is dangerous and that the suspect might gain immediate control of weapons." ***Commonwealth v. Austin***, 428 Pa.Super. 466, 631 A.2d 625, 627 (1993).

***Commonwealth v. Boyd***, 17 A.3d 1274, 1277 (Pa. Super. 2011). In addition,

> "An officer could conduct a warrantless search of those portions of the passenger compartment of a vehicle in which a weapon could be hidden when the circumstances were such that 'a reasonably prudent man in the circumstances would be warranted in the belief that his safety or the safety of the others was in danger,' so long as this belief was based on specific articulable facts."

- 5 -

*Id.* (quoting **Commonwealth v. Morris**, 644 A.2d 721, 723 (Pa. 1994), *writ of certiorari denied*, 513 U.S. 1031 (1994)).

In the matter *sub judice*, Appellant is not challenging the investigative stop, instead, he is challenging the officer's warrantless search of the vehicle. The trial court found that after stopping Appellant's vehicle, Officer McGee informed Appellant why he was pulled over. At this time Appellant "kept his hands between his legs, was visibly shaking, breathing heavy[,] and then move[d\ as if he were about to reach under the seat." Trial Court Opinion at 4. Furthermore, "[t]he backseat passenger made a fist and hid it under his leg, and this put McGee on alert that he may be trying to hide or retrieve a weapon." *Id.* Similar to the matter *sub judice*, this Court found a protective search constitutionally valid in **In re O.J.**, 958 A.2d 561 (Pa. Super. 2008) (*en banc*). In **O.J.** officers pulled over a vehicle for a motor vehicle violation. *Id.* at 563. This Court found that the driver's rapid and furtive hand movements over the console, combined with the time of the stop, and the dangerous driving by the defendant, were articulable facts that supported the officers reasonable suspicion that a weapon may have been in the console. *Id.* at 566. Moreover, the search of the console in **O.J.** "was specifically confined to the area where the hand movements had occurred." *Id.*

While an "unparticularized suspicion or 'hunch'" is not sufficient to establish reasonable suspicion, the facts of the matter *sub judice* showcase that Officer McGee was able to base his suspicion on articulable facts. **See**

***Commonwealth v. Zhahir***, 751 A.2d 1153, 1158 (Pa. 2000). In the matter *sub judice*, Officer McGee's testimony revealed that Appellant appeared nervous, moved as if he was about to reach under the seat, and the passenger made a fist and hid it under his leg. Based on the totality of the circumstances, these facts led Officer McGee to reasonably believe a weapon was present. Thus, Appellant's argument fails.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/5/2017