J-S39019-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA <br><br> Appellant <br><br> v. <br><br> LADAYA DA SHAE MITCHELL | IN THE SUPERIOR COURT OF PENNSYLVANIA <br><br><br> No. 1356 WDA 2016 |

Appeal from the Order August 11, 2016
In the Court of Common Pleas of Cambria County
Criminal Division at No(s): CP-11-CR-0000708-2016

BEFORE:  BENDER, P.J.E., BOWES AND STRASSBURGER,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED AUGUST 17, 2017**

The Commonwealth appeals from the August 11, 2016 order granting Ladaya Da Shae Mitchell's motion for writ of *habeas corpus*, and dismissing without prejudice misdemeanor charges of possession of heroin and drug paraphernalia.  We affirm.

Initially, Ms. Mitchell was charged with conspiracy and possession of heroin with intent to distribute ("PWID"), both felonies, together with possession of heroin and drug paraphernalia, misdemeanors, and summary disorderly conduct.  The facts giving rise to the charges were summarized by the trial court as follows.

> On April 7, 2016, officer Ryan Chiodo (Chiodo) of the Johnstown Police Department was on patrol and issuing parking citations on Coleman Avenue in the Moxham area of Johnstown. Chiodo testified that Coleman Avenue is a dead [end] street and

* Retired Senior Judge assigned to the Superior Court.

that he observed a vehicle running with its headlights off and parking lights on parked on the side of the road where parking is not permitted. Chiodo observed two occupants and approached the vehicle from the passenger's side due to a steep hill on the driver's side. The passenger, Mitchell, rolled down the window and Chiodo engaged her and the driver, later identified as Abdul Kirk (Kirk) in conversation. Chiodo asked Mitchell if everything was okay, she indicated it was, that Kirk had given her a ride home from a nearby Sheetz convenience store, that they were now just talking, and that she lived just up the hill.

Chiodo observed that Mitchell and Kirk appeared to be under 18 years old and asked for identification. Neither was able to provide ID but both gave Chiodo their names and dates of birth that he radioed in to dispatch to confirm. During the course of the conversation[,] Chiodo observed an open foil container of flavored cigars in the storage pocket on the passenger side front door near Mitchell. Chiodo asked Mitchell whom they belonged to and she said they weren't hers and she did not know whose they were. Mitchell then reached for the package just as Chiodo was reaching for it and handed it to him. Chiodo looked into the package and observed two hand rolled cigarettes that he suspected to be marijuana joints.

At this time[,] Kirk exited the vehicle and began walking around the front of it where Chiodo stopped him and conducted a pat down for officer safety. Finding nothing suspicious or dangerous, Chiodo again radioed dispatch seeking to confirm the information provided by Mitchell and Kirk as well as to identify the owner of the vehicle since Kirk was only able to say it belonged to a friend whose name he couldn't remember. While waiting for further information Chiodo asked Mitchell to step out of the vehicle[,] which she did[,] and he conducted a pat down of her for his safety and found nothing suspicious. Following this the dispatcher radioed Chiodo confirming the information provided by Kirk and Mitchell and indicating that there were no active warrants on either but was unable to identify the vehicle owner due to computer issues.

Officers Robertson and Plunkard arrived at the scene and while they monitored Kirk and Mitchell, Chiodo started to search the vehicle. On the driver's side floor he found a candy box that he opened and in which he saw 100-150 stamp bags of

- 2 -

suspected heroin.  At this time[,] Kirk fled the scene on foot and was pursued by officers Robertson and Plunkard who were unable to locate Kirk.  Chiodo placed Mitchell in handcuffs and then in the back of his cruiser[,] eventually transporting her to the Johnstown Public Safety Building for processing.

Trial Court Opinion, 8/11/16, at 1-3.

At the April 13, 2016 preliminary hearing, the district justice dismissed counts one (PWID) and four (conspiracy), finding no evidence of an overt act to support conspiracy of possession with intent to deliver.  N.T. Preliminary Hearing, 4/13/16, at 38.  The district justice held over the remaining counts.

On July 15, 2016, Ms. Mitchell filed a petition for writ of *habeas corpus* in which she alleged that the evidence presented at the preliminary hearing failed to satisfy the Commonwealth's burden of a *prima facie* showing of possession required for the crimes of controlled substance by a person not registered, 35 P.S. § 780-113(a)(16), and use/possession of drug paraphernalia, 35 P.S. § 780-113(a)(32).  Her request for a hearing was granted, and the hearing took place on August 8, 2016.

The Commonwealth rested on the evidence adduced at the preliminary hearing from Officer Chiodo.  Ms. Mitchell testified on her own behalf.  She stated that she lived approximately ten feet from where she was arrested. On the evening in question, she walked to Sheetz to buy cigarettes, but doubled back because she had forgotten her identification card.  She had no cell phone with her and no driver's license because she could not drive.  It was raining.  She recognized the co-defendant, Abdul Kirk, as he drove by

and she entered his car. They were talking outside of her house when Officer Chiodo pulled up. Ms. Mitchell testified that she was unaware of drugs in the car, that she did not have any drugs, and that she was not buying any drugs. With regard to the disorderly conduct count, counsel argued that there was no evidence that Ms. Mitchell created a hazardous or physically offensive condition as required for disorderly conduct under 18 Pa.C.S. § 5503(a)(4).

The trial court agreed with Ms. Mitchell that the evidence of possession fell short of that required to establish a *prima facie* case. In addition, the court found that the evidence did not establish that Ms. Mitchell created a condition that involved a hazard or danger in the sense of a public disorder for purposes of the disorderly conduct charge. The court dismissed the charges.

The Commonwealth timely appealed the dismissal of the possession charges and it presents one issue for our consideration: "Whether the trial court erred when it found that the Commonwealth failed to make out a prima facie case for possession of heroin and possession of marijuana paraphernalia when each item was within easy access of the Defendant in an automobile." Commonwealth's brief at 4.[1]

---

[1] Although Appellee sought and was granted several extensions of time to file a brief, she has not done so.

We review a pretrial petition for writ of *habeas corpus* by examining the evidence and reasonable inferences derived therefrom in a light most favorable to the Commonwealth. **Commonwealth v. Dantzler**, 135 A.3d 1109, 1111-1112 (Pa.Super. 2016) (quoting **Commonwealth v. James**, 863 A.2d 1179, 1182 (Pa.Super. 2004) (*en banc*). Whether the Commonwealth has made out a *prima facie* case is a question of law, and thus, we are not bound by the trial court's legal determinations. **Commonwealth v. Karetny**, 880 A.2d 505 (Pa. 2005). "To demonstrate that a *prima facie* case exists, the Commonwealth must produce evidence of every material element of the charged offense(s) as well as the defendant's complicity therein." **Dantzler**, **supra** at 1112. In meeting that burden, the Commonwealth may use the evidence adduced at the preliminary hearing and submit additional proof. **Id**.

The issue herein is whether the Commonwealth presented *prima facie* evidence that Ms. Mitchell possessed the heroin and paraphernalia. The Commonwealth could meet its burden by showing "actual, constructive, or joint constructive possession of the contraband." **Commonwealth v. Vargas**, 108 A.3d 858, 868 (Pa.Super. 2014) (*en banc*). The Commonwealth concedes that the items were not found on Ms. Mitchell's person and, that in order to proceed, it was required to prove constructive possession. Constructive possession required proof that Ms. Mitchell had both the power to control the contraband and the intent to exercise that

control. *Id*. (citing *Commonwealth v. Macolino*, 469 A.2d 132, 134 (Pa. 1983).).

The Commonwealth maintains that Ms. Mitchell and the driver could have been in joint constructive possession. It challenges the trial court's finding that there was no evidence that Ms. Mitchell knew of the existence of the marijuana wrappers when, four months later, she could articulate the color and brand name of the wrappers. It argues further that co-defendant Kirk had no access to the passenger door where the wrappers were located. *See Commonwealth v. Stembridge*, 579 A.2d 901 (Pa.Super. 1990) (constructive possession where appellant had easier access to drugs than the driver and exhibited suspicious behavior).

The trial court noted that Officer Chiodo offered no testimony that Ms. Mitchell made any furtive movement, or any movement at all, toward the door as he approached. Absent was the type of suspicious behavior present in *Stembridge* that would signal knowledge of the presence of the drug paraphernalia. Nor did the totality of the circumstances permit a reasonable inference that Ms. Mitchell knew of the wrappers. *See Commonwealth v. Juliano*, 490 A.2d 891, 892 (Pa.Super. 1985) (appellant's knowledge of a green satchel at his feet did not permit a reasonable inference that he knew it contained contraband where he made no furtive movements and did not attempt to flee). After the officer observed "an opened foil pack of some type of flavored cigars, which are commonly used to roll marijuana

cigarettes or joints[,]" in the compartment at the bottom of the passenger side door, he asked Ms. Mitchell whether they belonged to her. N.T. Preliminary Hearing, 4/13/16, at 9-10. Ms. Mitchell told him they were not hers, and "[w]e both had reached for them at the same time. And she handed them to me." *Id*. at 10. Viewing the evidence in the light most favorable to the Commonwealth, we agree with the trial court that the Commonwealth failed to adduce *prima facie* evidence from which it could be inferred that Ms. Mitchell knew the wrappers were there or that she intended to exercise control over the paraphernalia.

We reach a similar conclusion with regard to constructive possession of the drugs. A subsequent search of the vehicle at the scene yielded a candy box located on the driver's side floor. The box contained packets of heroin. Although the heroin was concealed in a container in an area occupied by co-defendant, the Commonwealth asked the trial court, and subsequently this Court, to infer that the box had been placed there "in a furtive way" as the police approached because its location would have interfered with the operation of the brake and gas pedal.

Again, the trial court found that Ms. Mitchell's mere proximity to the box was not enough, especially where it was located at the driver's feet and the heroin was not in plain view. Even if there was evidence that Ms. Mitchell saw the candy box, no reasonable inference could be drawn that she knew there was heroin concealed therein. The court analogized the facts to

those in **Commonwealth v. Spencer**, 621 A.2d 153 (Pa.Super. 1993), where a passenger in a car was charged with possession of cocaine found in the armrest of the driver's side door.  This Court found no constructive possession as there was no evidence that the passenger knew the drugs were within the car or exercised conscious dominion over them.

The trial court contrasted this situation with the one in **Commonwealth v. Cruz-Ortega**, 539 A.2d 849 (Pa.Super. 1988), where cocaine was found under the defendant's seat and he was observed leaning over in his seat when police stopped the vehicle.  **See also Commonwealth v. Austin**, 631 A.2d 625 (Pa.Super. 1993) (bag containing cocaine at defendant's feet, he was observed touching it, and he lied about its contents to police).

Having examined the evidence and drawn the reasonable inferences derived therefrom in a light most favorable to the Commonwealth, we agree with the trial court that the Commonwealth failed to introduce *prima facie* evidence of possession.  Absent was evidence from which any reasonable inference could be drawn that Ms. Mitchell constructively possessed either the paraphernalia or the heroin.

Order affirmed.

P.J.E. Bender joins the memorandum.

Judge Strassburger files a concurring/dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/17/2017