J-S33020-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MUTATIE JOHNSON | : | |
| | : | |
| Appellant | : | No. 598 EDA 2022 |

Appeal from the Judgment of Sentence Entered January 5, 2022
In the Court of Common Pleas of Delaware County
Criminal Division at No(s):  CP-23-CR-0002682-2020

BEFORE:  KUNSELMAN, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY KING, J.:                                     **FILED APRIL 06, 2023**

Appellant, Mutatie Johnson, appeals from the judgment of sentence entered in the Delaware County Court of Common Pleas, following his jury trial convictions for possession of a controlled substance, possession of a controlled substance with intent to deliver ("PWID"), possession of drug paraphernalia, carrying a firearm without a license, and persons not to possess a firearm.[1]  We affirm.

The trial court set forth the relevant facts and procedural history of this case as follows:

> On May 29, 2019, Mr. Steve McWilliams, a private individual, called 911 to report a domestic dispute at 831 Rose Avenue in Morton, Delaware County.  [Mr. McWilliams testified that a black male drove into the driveway in a

---

[1] 35 P.S. § 780-113(a)(16), (30), (32); 18 Pa.C.S.A. §§ 6106(a)(1), 6105(a)(1), respectively.

vehicle, hit the horn for several minutes and went into the house. Mr. McWilliams heard a loud bang, similar to a gunshot, coming from the house and saw the driver walk back to the vehicle shortly thereafter.]

Officer Joseph Spence … was dispatched to 831 Rose Avenue in Morton, Delaware County, for the report of a domestic dispute and possible shot fired. Upon arrival, he observed a black car in the driveway that was running. He also observed [Appellant] sitting in the front passenger seat of the car. Officer Spence made an in-court identification of [Appellant]. [Appellant] was looking back in Officer Spence's direction. When [Appellant] saw Officer Spence, he started making movements towards the floor of the car in between the seat and the passenger side door. As Officer Spence approached the vehicle the window was down, and he could smell an odor of raw marijuana emanating from inside the vehicle. At that time, [Appellant]'s wife came out of the house. She became extremely irate. She was yelling and screaming at Officer Spence. Officer Spence was trying to separate them to take control of the scene and investigate the incident. Officer Spence observed [Appellant]'s wife had a swollen left eye, indicating that she had just been in a physical altercation.

Officer Spence explained to them why the police were there and asked if there was a gun in the car or house. Both were uncooperative and didn't want to answer any questions. [Appellant]'s wife continued to scream and tried to get to the car. At that point, she was restrained. Officer Spence then walked to the car and looked down into the open window. On the floor of the car, he saw four glassine Ziploc bags with a white powdery substance that he believed to be cocaine. During the commotion of trying to restrain [Appellant]'s wife and with neighbors coming out of their houses to see what was going on, [Appellant ran away from the scene. Appellant was apprehended ten months later in March 2020].

… Officer Spence then searched the vehicle. After he initially saw the four bags of cocaine in plain view, he opened the door and saw a man's Gucci watch in between the seat and the door on the floor where the defendant was sitting. Officer Spence also located a THC vape pen and a

bag of suspected marijuana under the seat. He also found two zipper pouch bags, one blue and one red. In the blue zipper pouch there was suspected marijuana with a rolled up $5 bill. In the red zipper pouch there was a chunky white substance. Officer Spence also found dozens of unused bags underneath the seat. In the cupholder, directly next to where [Appellant] was sitting, Officer Spence located an iPhone and the keys to the vehicle. Officer Spence used the key to unlock the glove compartment. In the glove compartment he located a Smith & Wesson handgun with 10 live rounds of ammunition in the clip and one round in the chamber.

[Appellant]'s certified driving record was admitted into evidence which listed his address as 813 5th Avenue, Altoona, Pennsylvania. [Appellant] did not have a license to carry a firearm. A certified record from the Pennsylvania State Police stating that [Appellant] does not have a license to carry a firearm was admitted into evidence. The registered owner of the firearm that was recovered from the car was a man who lived in Altoona, Pennsylvania. Detective David Taylor testified the gun belonged to Steven Patrick O'Connor, 2028 12th Avenue in Altoona, Pennsylvania and that the owner did not give anyone else permission to possess it.

\* \* \*

Detective Michael Skahill is currently employed with the Delaware County District Attorney's Office in the Criminal Investigation Division assigned to the Narcotics Unit. He was qualified as an expert in the field of illegal drugs and drug distribution. He opined that the drugs found in the vehicle near [Appellant] were possessed with the intent to deliver.

Detective Louis Grandizio is employed by the Delaware County Criminal Investigation Division as a firearms examiner. He was qualified as an expert in the field of firearms and ballistics. He examined the firearm recovered in this case and opined the firearm was fully functional and capable of firing.

(Trial Court Opinion, filed 4/21/22, at 1-5).

On July 28, 2021, a jury convicted Appellant of possession of a controlled substance, PWID, possession of drug paraphernalia, and carrying a firearm without a license. In a bifurcated trial, the trial court found Appellant guilty of persons not to possess a firearm. On January 5, 2022, the court sentenced Appellant to an aggregate of eight to twenty years of incarceration, followed by two years of probation. Appellant filed a timely post-sentence motion on January 18, 2022, which the court denied on January 31, 2022. Appellant filed a timely notice of appeal on February 25, 2022. On March 2, 2022, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and Appellant complied on March 16, 2022.

Appellant raises the following issue for our review:

> Whether the evidence introduced at trial was insufficient as a matter of law to convict [Appellant] of the charges of possession of a controlled substance, [PWID], possession of drug paraphernalia, and firearms not to be carried without a license, persons not to possess firearms, in which the firearm and controlled substances were found, did not belong to Appellant, the firearm was found inside a locked glovebox within the vehicle and no evidence was introduced to demonstrate that Appellant placed the firearm in the glovebox or that he was even aware of its presence; where the heroin and methamphetamine were not found on Appellant's person, and evidence failed to demonstrate that Appellant knew that said controlled substances were within the vehicle, or that Appellant exercised conscious dominion or control over the said drugs, necessary to find constructive possession on the part of Appellant.

(Appellant's Brief at 4).

On appeal, Appellant asserts that police did not recover the drugs,

- 4 -

paraphernalia, or firearm from Appellant's person, and the Commonwealth presented no evidence to demonstrate that Appellant owned the vehicle where they were discovered. Appellant contends that Ms. Jackie Grueler, who was identified by Officer Spence as Appellant's wife, had equal, if not greater, access to the vehicle and the items located inside. Appellant argues that his mere presence in the passenger seat of the vehicle is insufficient to demonstrate that Appellant had a connection to the drugs that were found under the seat. Additionally, Appellant asserts that the firearm was found in the locked glovebox, and the Commonwealth presented no evidence to demonstrate that Appellant accessed the glovebox or its contents. Appellant concludes that the Commonwealth failed to present sufficient evidence to demonstrate that he constructively possessed the drugs or firearm found in the vehicle, and this Court should vacate the judgment of sentence. We disagree.

Our standard of review for sufficiency claims is as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every

element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Tucker*, 143 A.3d 955, 964 (Pa.Super. 2016), *appeal denied*, 641 Pa. 63, 165 A.3d 895 (2017) (quoting *Commonwealth v. Hansley*, 24 A.3d 410, 416 (Pa.Super. 2011)).

The Controlled Substance, Drug, Device and Cosmetic Act defines the offenses of possession of a controlled substance, PWID, and possession of drug paraphernalia as follows:

### § 780-113. Prohibited acts; penalties

(a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:

\* \* \*

(16) Knowingly or intentionally possessing a controlled or counterfeit substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, unless the substance was obtained directly from, or pursuant to, a valid prescription order or order of a practitioner, or except as otherwise authorized by this act.

\* \* \*

(30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

\* \* \*

(32) The use of, or possession with intent to use, drug paraphernalia for the purpose of planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packing, repacking, storing, containing, concealing, injecting, ingesting, inhaling or otherwise introducing into the human body a controlled substance in violation of this act.

35 P.S. § 780-113(a)(16), (30), (32).

The Uniform Firearms Act provides, in relevant part:

**§ 6105.  Persons not to possess, use, manufacture, control, sell or transfer firearms**

**(a)  Offense defined.—**

(1)  A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

18 Pa.C.S.A. § 6105(a)(1).

**§ 6106.  Firearms not to be carried without a license**

**(a)  Offense defined.—**

(1)  Except as provided in paragraph (2), any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.

18 Pa.C.S.A. § 6106(a)(1).

"When contraband is not found on the defendant's person, the Commonwealth must establish constructive possession…." **Commonwealth v. Jones**, 874 A.2d 108, 121 (Pa.Super. 2005). "Constructive possession is the ability to exercise conscious control or dominion over the illegal substance and the intent to exercise that control." **Id.**

> Dominion and control means the defendant had the ability to reduce the item to actual possession immediately, … or was otherwise able to govern its use or disposition as if in physical possession. … Mere presence or proximity to the contraband is not enough. Constructive possession can be established by inferences derived from the totality of the circumstances.

**Commonwealth v. Peters**, 655 Pa. 601, 606, 218 A.3d 1206, 1209 (2019) (internal citations omitted). Further, "knowledge of the existence and location of the contraband is a necessary prerequisite to proving the defendant's intent to control, and, thus, his constructive possession." **Commonwealth v. Parrish**, 191 A.3d 31, 37 (Pa.Super. 2018), *appeal denied*, 651 Pa. 10, 202 A.3d 42 (2019).

Instantly, the trial court determined that the Commonwealth presented sufficient evidence for the jury to find that Appellant constructively possessed the drugs, paraphernalia, and firearm recovered from the vehicle. Appellant was the sole occupant in the car when Officer Spence approached the vehicle. Additionally, Mr. McWilliams testified that he saw a black male operating the vehicle and sounding the horn for several minutes prior to Officer Spence's

arrival.  Regarding the recovered narcotics and paraphernalia, Officer Spence testified that when he approached the car, he saw Appellant making movements toward the floor of the car.  Officer Spence stated that some of the recovered drugs were in plain view and the remaining drugs and paraphernalia were found directly under where Appellant was sitting and making movement towards.  Taken in the light most favorable to the Commonwealth as the verdict-winner, we agree with the trial court that the evidence was sufficient for the jury to find that Appellant constructively possessed the drugs and paraphernalia.  **See Tucker, supra**.  **See also Commonwealth v. Cruz Ortega**, 539 A.2d 849 (Pa.Super. 1988) (holding evidence was sufficient to establish constructive possession when appellant, who was in passenger's side seat of a car that he did not own, was observed leaning over in his seat and drugs were found under passenger's side seat of car).

Regarding the firearm, the police recovered the handgun from a locked glovebox located directly in front of the seat where Appellant was sitting.  The keys to the glovebox were found in the center console cup-holder which was within reach of where Appellant was seated.  Beyond Appellant's proximity and ability to access the gun, the jury also heard testimony from Mr. McWilliams about the events that prompted him to call the police.  Mr. McWilliams testified that he saw the male driver of the vehicle enter the house and heard a loud bang resembling a gunshot coming from the residence.  Mr.

McWilliams then saw the male leave the house, loudly arguing with a female resident of the house, and get into the passenger seat of the car, where he remained until Officer Spence arrived. Taking these facts together in the light most favorable to the Commonwealth as the verdict-winner, the evidence was sufficient for the fact-finder to decide that Appellant constructively possessed the gun to sustain his firearms convictions. ***See Tucker, supra.*** Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.


*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 4/6/2023*