**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL J. BALAS II | : | |
| | : | |
| Appellant | : | No. 516 MDA 2022 |

Appeal from the PCRA Order Entered March 9, 2022
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0002821-2015

BEFORE: BOWES, J., STABILE, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED: APRIL 22, 2024**

Michael J. Balas II ("Balas") appeals from the order dismissing his first petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

The PCRA court previously set forth the following factual and procedural history:

> [In March 2015, Pennsylvania State Police Troopers Ryan Golla and Daniel Spath performed a traffic stop on a black Mercedes sedan travelling northbound on State Route 93 in the City of Hazleton, after the officers learned that the vehicle's registration had been suspended for approximately two months. The vehicle was operated by Balas, and he was the only occupant.]
>
> After Trooper Golla pulled [Balas] over, he noticed that [Balas] smelled of alcohol; had bloodshot eyes; and slurred, thick speech. Trooper Spath, who was also at the scene, smelled marijuana coming from [Balas's] vehicle. [Balas] admitted to

---

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

> drinking three beers and smoking marijuana earlier in the evening. Trooper Golla testified that [Balas] was unable to successfully perform three sobriety tests[, including the lack of convergence test and the one-leg-stand test]. After searching [the] vehicle, Trooper Golla found a glass bowl, a digital scale, and a knife all with cocaine residue; two bags of cocaine, totaling 392.03 grams; $487 in single bills in a black bag; and $1,343 in small denomination, one-dollar bills[,] in [Balas's] pocket.

> * * * *

> [The Commonwealth charged Balas with several offenses arising from this incident, and, following a jury trial in October 2018, the jury convicted him of] [d]riving [u]nder the [i]nfluence (hereinafter "DUI") – [c]ombination of [a]lcohol and [d]rugs, . . . [p]ossession [w]ith [i]ntent to [d]eliver (hereinafter "PWID") – [c]ocaine, . . . [s]imple [p]ossession, . . . [p]ossession of [d]rug [p]araphernalia, . . . and [d]riving while [l]icense is DUI [s]uspended . . .. [I]n December [] 2018, [Balas] was sentenced to an aggregate term of 82 to 158 months' incarceration. . . . On January 7, 2019, [Balas] filed a timely direct appeal . . ..

PCRA Court Opinion, 3/9/22, at unnumbered 1-2, 6 (internal citations omitted; paragraphs re-ordered).

This Court affirmed the convictions on direct appeal, though we vacated the judgment of sentence for the simple possession conviction, because that count should have merged with the PWID conviction for sentencing purposes. *See Commonwealth v. Balas*, 222 A.3d 817 (Pa. Super. 2019) (unpublished memorandum at *4). Our Supreme Court denied review on April 21, 2020. *See Commonwealth v. Balas*, 229 A.3d 907 (Pa. 2020). Balas filed his first *pro se* PCRA petition on July 7, 2020, and appointed counsel filed a first supplemental petition, followed by an amended supplemental PCRA petition.

***See generally*** First Supplemental PCRA Petition, 1/14/21; Amended Supplemental PCRA Petition, 8/2/21.

In his PCRA petition, Balas asserted trial counsel was ineffective for: failing to object to testimony by Trooper Golla concerning Balas's performance on the lack of convergence test; failing to cross-examine Trooper Golla about the results of the one-leg-stand test insofar as it related to Balas's impairment by marijuana; and failing to object to testimony by Trooper Golla that he had become a drug recognition expert ("DRE") after the offense date. ***See*** Amended Supplemental PCRA Petition, 8/2/21, at 3-8. Balas additionally claimed appellate counsel was ineffective for failing to raise on appeal the denial at trial of Balas's motion for a jury instruction on constructive possession. ***See id***. at 8-10. Balas lastly alleged trial counsel was ineffective for failing to obtain letters from, or present testimony by, his family members for sentencing. ***See id***. at 10-11.

Following an evidentiary hearing on February 17, 2022, at which Balas, trial and appellate counsel, and Balas's mother, Maureen Balas ("Ms. Balas") testified, the PCRA court denied relief. ***See*** Order, 3/9/22. Balas timely appealed.[2]

_____

[2] It does not appear from the record that the PCRA court ordered Balas to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b); however, the court issued a statement indicating the reasons for its order could be found in the opinion accompanying the order denying PCRA relief. ***See*** Order, 5/31/22. We note with disapproval that the Commonwealth failed to file a brief in this matter.

Balas raises the following issues for our review:

1. Whether trial counsel was ineffective in failing to object to Trooper Golla's testimony regarding [the horizontal gaze nystagmus ("HGN")]/[l]ack of [c]onversion [sic] [f]ield [s]obriety [t]est[?]

2. Whether the trial counsel was ineffective in failing to cross examine Trooper Golla regarding the one[-]leg[-]stand test[?]

3. Whether trial counsel was ineffective in failing to object to the testimony of [T]rooper Golla as a [DRE?]

4. Whether appellate counsel was ineffective in failing to raise the issue on direct appeal that the trial court erred in denying [the] defense motion for [a] constructive possession jury instruction[?]

5. Whether trial counsel was ineffective in failing to present mitigation evidence at sentencing[?]

Balas's Brief at 1.

Our standard of review of an order denying PCRA relief is well-settled:

Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the record in the light most favorable to the prevailing party in the PCRA court. We are bound by any credibility determinations made by the PCRA court where they are supported by the record. However, we review the PCRA court's legal conclusions *de novo*.

*Commonwealth v. Staton*, 184 A.3d 949, 954 (Pa. 2018) (internal citation and quotations omitted). The PCRA petitioner "has the burden to persuade this Court that the PCRA court erred and that such error requires relief."

*Commonwealth v. Wholaver*, 177 A.3d 136, 144–45 (Pa. 2018) (internal citations omitted).

All of Balas's issues concern assertions of ineffective assistance of counsel. In order to be eligible for PCRA relief, the petitioner must prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated circumstances found in section 9543(a)(2), which includes the ineffective assistance of counsel. *See* 42 Pa.C.S.A § 9543(a)(2)(ii); *see also Commonwealth v. Benner*, 147 A.3d 915, 919–20 (Pa. Super. 2016). To prevail on an ineffectiveness claim, the petitioner has the burden to prove: "(1) the underlying substantive claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance." *Benner*, 147 A.3d at 920 (internal citations and quotations omitted). The failure to satisfy any of these prongs is fatal to a petitioner's claim. *See id*. Additionally, counsel is presumed effective. *See id*.

Regarding "arguable merit," this Court has provided that, "[t]he first inquiry in an ineffectiveness claim is always whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit; for counsel cannot be considered ineffective for failing to assert a meritless claim." *Commonwealth v. Lott*, 581 A.2d 612, 614 (Pa. Super. 1990) (internal citation and quotations omitted). For the "reasonable basis" prong, the petitioner must show that counsel "had no reasonable basis designed to

effectuate his client's interests." *Id*. Lastly, to establish prejudice, the petitioner "must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction." ***Commonwealth v. Brown***, 161 A.3d 960, 965 (Pa. Super. 2017).

In his first issue, Balas argues trial counsel was ineffective for failing to object to testimony by Trooper Golla regarding his lack of convergence test, which he likens to the HGN test, ostensibly because they are both eye tests that are scientific in nature and could be used as evidence of impairment. Generally, "the admissibility of evidence is a matter addressed to the sound discretion of the trial court . . .." ***Commonwealth v. Yedinak***, 676 A.2d 1217, 1221 (Pa. Super. 1996). Regarding the HGN test, specifically, this Court has held that "HGN test results have been deemed scientific evidence based on the scientific principle that alcohol consumption causes nystagmus. Therefore, an adequate foundation must be presented prior to admission of HGN test results." ***Commonwealth v. Stringer***, 678 A.2d 1200, 1201 (Pa. Super. 1996) (internal citation omitted). However, even if this evidence is improperly admitted, it may be harmless error where there is other evidence of impairment sufficient to sustain the verdict, including, for example, other field sobriety tests. ***See Commonwealth v. Miller***, 532 A.2d 1186, 1187–88 (Pa. Super. 1987) (holding that "the trial court improperly admitted into evidence results of the HGN test, but we also find that the trial court's error was harmless since other sufficient evidence was admitted at trial to sustain

the jury's verdict"); *cf*. *Stringer*, 678 A.2d at 1203 (concluding error in the admission of HGN test results was not harmless where no other evidence of impairment was admitted).

Balas argues that trial counsel was ineffective for failing to object to Trooper Golla's testimony about Balas's performance on the lack of convergence test. Analogizing to case law regarding HGN tests, Balas argues the Commonwealth "laid no foundation as to whether the lack of convergence test was generally accepted in the scientific community[,] and that lack of convergence tests are inadmissible unless there is an adequate foundation laid to support the submission of that evidence." *See* Balas's Brief at 6 (citing *Stringer*, 678 A.2d 1200). Balas argues that the jury heard testimony that he was impaired by marijuana based on evidence that "should have been rendered inadmissible," and, therefore, the outcome of the trial would have been difference absent this evidence. Accordingly, Balas argues, trial counsel was ineffective, and the PCRA court erred in denying relief.

The PCRA court considered this issue and determined it merited no relief:

> [Balas's] claim that [t]rial [c]ounsel was ineffective for failing to object to Trooper Golla's testimony regarding the HGN/lack of convergence field sobriety tests is without merit. [Balas] cites to a series of cases wherein the Superior Court of Pennsylvania held that the HGN test was inadmissible at trial as substantive proof that a defendant is guilty of [DUI]. . . . However, probable cause to arrest can be supported by evidence that is inadmissible at trial. [*See*] *Commonwealth v. Weaver*, 76 A.3d 562, 567 (Pa. Super. 2013) . . .. In *Weaver*, the Superior Court held that the officer's observations of the defendant's

- 7 -

performance of the HGN test was admissible to support the determination of probable cause to arrest for DUI, even though such evidence was inadmissible to prove guilt. . ..

Similarly, here, Trooper Golla, who was trained in the administration of field sobriety tests, was permitted to rely on his observations gained from that procedure to support his conclusion that [Balas] was [DUI]. [Balas's] claim lacks arguable merit and no prejudice resulted, as [t]rial [c]ounsel had no basis to object . . ., as the Commonwealth used the field sobriety tests to support Officer Golla's probable cause to arrest [Balas], not as substantive proof that [Balas] was guilty of [DUI]. . .. Thus, [Balas's] claim is without merit.

PCRA Court Opinion, 3/9/22, unnumbered at 4-5.

Following our review, we, like the PCRA court, conclude that Balas failed to prove prejudice, albeit on different grounds.[3] Assuming, without deciding, that the **Stringer**'s holding—*i.e.*, that a foundation is required prior to the admission of HGN test results—applies to lack of convergence test results because of their similarity, it was error for the trial court to admit this evidence without a proper foundation, and, thus, there was a basis for trial counsel to object to this evidence at trial. However, Balas has nevertheless failed to show prejudice given the other evidence of his impairment. During the traffic stop, Balas admitted to drinking three beers and smoking marijuana earlier in the evening prior to driving. **See** N.T., 10/16/18, at 36, 37. He also smelled of alcohol and burnt marijuana. **See id**. Further, he had bloodshot eyes. **See**

---

[3] **See**, **e.g.**, **Commonwealth v. Towles**, 300 A.3d 400, 417 (Pa. 2023) (this Court may affirm an order denying PCRA relief for any reason appearing of record).

*id*. at 36. Additionally, he had "slurred, thick speech." *Id*. at 37. He also failed other field sobriety tests, including the one-leg-stand test. *See id*. at 40-42. Given the other evidence of Balas's impairment, trial counsel's failure to object to, and the trial court's admission of, Trooper Golla's testimony about the lack of convergence test was harmless error. *See*, *Miller*, 532 A.2d at 1187–88; *Cf. Stringer*, 678 A.2d at 1203. Accordingly, Balas cannot show prejudice, namely, that the outcome of the proceedings would have been different had trial counsel objected to Trooper Golla's testimony about the lack of convergence test. Therefore, this issue merits no relief.

In his second issue, Balas asserts counsel was ineffective for failing to cross-examine Trooper Golla regarding the one-leg-stand test insofar as Trooper Golla testified that he used the test to determine Balas was impaired due to a combination of alcohol and drugs. The one-leg-stand test, along with the finger-to-nose and walking-in-a-straight-line tests, are grounded in theories which link an individual's lack of coordination and loss of concentration with intoxication:

> This inter-relationship is also recognized in what is generally accepted as the common indicia of intoxication, within the understanding and experience of ordinary people. In fact, non-expert testimony is admissible to prove intoxication where such testimony is based upon the witness' observation of the defendant's acts and speech and where the witness can opine as to whether the defendant was drunk.

*Commonwealth v. Ragan*, 652 A.2d 925, 928 (Pa. Super. 1995) (internal citation omitted). Accordingly, evidence of a defendant's performance on

these field sobriety tests is properly admitted at trial. ***See id***. Where a defendant has admitted to driving and having taken drugs, the failure of field sobriety tests may be used as evidence of impairment. ***See***, ***e.g.***, ***Commonwealth v. Tarrach***, 42 A.3d 342, 346-47 (Pa. Super. 2012) (holding that the evidence—including, *inter alia*, admission to ingesting prescription medication and driving prior to an accident, failure of field sobriety tests, and bloodshot eyes, lethargy and slowness of speech—was sufficient to prove impairment).

Balas argues the PCRA court erred in denying his petition because trial counsel was ineffective for failing to cross-examine Trooper Golla regarding the one-leg-stand test, since Trooper Golla did not testify that this test has been validated for discerning drug impairment. ***See*** Balas's Brief at 8. Balas maintains trial counsel should have cross-examined Trooper Golla "to inform the jury that the [one-leg-stand] test could not show impairment by drugs." ***Id***. Because Trooper Golla used the one-leg-stand test, in part, to conclude Balas was under the influence of a drug, Balas argues the outcome of the trial would have differed had the jury known that this test cannot show impairment by drugs. ***See id***.

The PCRA court considered this argument and concluded it is meritless for reasons including the following:

> . . . [A]ny error by [t]rial [c]ounsel was harmless[,] as there was a sufficient amount of other evidence to sustain [Balas's] DUI verdict. . ..

After Trooper Golla pulled [Balas] over, he noticed that [Balas] smelled of alcohol; had bloodshot eyes; and slurred, thick speech. Trooper Spath, who was also at the scene, smelled marijuana coming from [Balas's] vehicle. [Balas] admitted to drinking three beers and smoking marijuana earlier in the evening. Trooper Golla testified that [Balas] was unable to successfully perform three sobriety tests. . . . In light of the overwhelming evidence against [Balas], the lack of cross examination of Trooper Golla regarding the one[-]leg[-]stand test only having validation studies performed for alcohol and not drugs was harmless error. Thus, [Balas's] claim is without merit.

PCRA Court Opinion, 3/9/22, unnumbered at 5-6.

Following our review, we discern no error in the PCRA court's analysis. During the stop, Balas smelled of alcohol and marijuana. *See* N.T., 10/16/18 at 36, 37. He admitted to drinking three beers and smoking marijuana earlier in the evening before driving. *See id*. He had bloodshot eyes and "slurred, thick speech." *See id*. During the one-leg-stand test, Balas had to put his foot down, he used his arms for balance, and he swayed while standing. *See id*. at 41-42. This evidence was unquestionably properly admitted for the purpose of proving impairment by alcohol and may also be used to prove impairment where there is other evidence of drug use. *See Ragan*, 652 A.2d at 928; *see also Tarrach*, 42 A.3d at 346. Accordingly, Balas has failed to show prejudice, *i.e.*, that the outcome of his trial would have differed had trial counsel cross-examined Trooper Golla about whether scientific studies had validated the one-leg-stand test to show impairment by marijuana or a combination of alcohol and marijuana. Thus, Balas's second issue merits no relief.

In his third issue, Balas argues trial counsel was ineffective for failing to object to Trooper Golla's testimony that he became a DRE after the stop resulting in Balas's prosecution. As noted above, evidentiary rulings are within the trial court's discretion. *See*, *e.g.*, *Yedinak*, 676 A.2d at 1221. Pennsylvania Rule of Evidence 701 permits lay opinion testimony that is: "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge . . .." Pa.R.E. 701. Police officers may provide lay opinion testimony about a suspect's alcohol-induced intoxication and ability to drive safely "when the officer has observed the suspect's appearance and acts." *Yedinak*, 676 A.2d at 1221. This Court has previously declined to find a "basis upon which to distinguish opinion testimony of drug-induced intoxication from opinion testimony of alcohol-induced intoxication where the witness is personally familiar with the effects of narcotics." *Id*. *See also Commonwealth v. Dunne*, 690 A.2d 1233, 1238 (Pa. Super. 1997) (holding that officer lay opinion testimony about drug intoxication in a DUI context was properly admitted where "[t]he officer's opinion was based on specific and articulable observations of appellant's physical appearance and behavior, it was helpful to the trier of fact, and a proper foundation was laid to show that [the officer] was familiar with the effects of narcotics. . . . [And] expert testimony was not needed to link appellant's symptoms to the use of a controlled substance");

***but cf. Commonwealth v. Gause***, 164 A.3d 532, 539 (Pa. Super. 2017) (holding that officer lay opinion testimony was erroneously admitted in a DUI context where there were no "ordinary signs of intoxication discernable by a layperson," but, instead, only "eye tremors[, which] are not an ordinary sign of ingestion of a controlled substance, in particular, marijuana . . ..").

Balas maintains that Trooper Golla's testimony that he was a DRE had "the effect of misleading a jury and causing unfair prejudice to [him]." Balas's Brief at 9. While Balas does not expressly state how Trooper Golla's testimony that he had been certified as a DRE **after** this incident prejudiced him,[4] ostensibly, Balas means to argue that the jury improperly gave greater weight to Trooper Golla's testimony, based on his status as a DRE, which contributed to Balas's convictions.

The PCRA court considered and rejected Balas's issue for reasons including the following:

> [Balas's] claim that [t]rial [c]ounsel was ineffective for failing to object to testimony that Trooper Golla was a [DRE], since Trooper Golla did not become a DRE until after the offense date, is without merit. [Balas] did not suffer any actual prejudice and his claim lacks arguable merit, as Trooper Golla testified at the beginning of his direct examination that he became a DRE "[i]n

---

[4] Because Balas has not explained how Trooper Golla's unequivocal testimony that he became a DRE **subsequent** to this incident would have confused the jury, nor cited any law in support of his argument, he has arguably waived this issue. **See Commonwealth v. Wholaver**, 177 A.3d 136, 160 (Pa. 2018) (stating that "[t]he Rules of Appellate Procedure require appellants to support their arguments with pertinent discussion and citation to authority. Pa.R.A.P. 2119(a)" and finding waiver of several PCRA issues supported by undeveloped arguments). Nevertheless, we address it on the merits **infra**.

- 13 -

2016. It would have been after the date of this traffic stop." Trooper Golla admitted that he was not a DRE at the time of the traffic stop, and [t]rial [c]ounsel's objection would have been moot. . ..

PCRA Court Opinion, 3/9/22, unnumbered at 6-7.

Following our review, we conclude the PCRA court committed no error in denying Balas relief on this basis. Initially, Balas makes merely a boilerplate assertion of prejudice resulting from counsel's decision not to object to Trooper Golla's testimony that he became a DRE following this incident. Balas's issue fails for this reason alone, as boilerplate assertions of ineffectiveness arising from prejudice are insufficient to establish entitlement to relief. *See*, *e.g.*, *Commonwealth v. Paddy*, 15 A.3d 431, 443 (Pa. 2011) ("We stress that boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective"). That said, Balas's issue, to the extent we can divine his argument, warrants no relief on the substantive merits. In addition to Trooper Golla's personal observations, the evidence included Balas's admission during the stop he had consumed three beers and smoked marijuana earlier that same evening. *See* N.T., 10/16/18, at 36-37. Trooper Golla smelled both alcohol and burnt marijuana emanating from Balas. *See id*. In addition to his admissions to consuming beer and marijuana, Balas also exhibited the "ordinary signs of intoxication" discernible by a layperson, including, bloodshot eyes and slurred, thick speech. *See id*. Trooper Golla was therefore permitted to offer lay opinion testimony about Balas's

- 14 -

intoxicated state. *See Yedinak*, 676 A.2d at 1221; *see also Dunne*, 690 A.2d at 1238. Given that Trooper Golla clearly testified before the jury that he had only become a DRE subsequent to the traffic stop, and in light of the properly admitted lay opinion testimony about Balas's intoxicated state and the causes thereof, we conclude that the PCRA court did not err in determining Balas failed to prove prejudice, namely, that the outcome of his trial would have been different had trial counsel made an objection to Trooper Golla's testimony about later becoming a DRE. Accordingly, Balas's third issue merits no relief.

In his fourth issue, Balas argues the PCRA court erred in denying his petition because appellate counsel was ineffective for failing to include a constructive possession jury instruction issue in his appellate brief.[5] The three-prong ineffectiveness test delineated above applies to appellate counsel as well. *See*, *e.g.*, *Commonwealth v. Blakeney*, 108 A.3d 739, 49-50 (Pa. 2014). As for appellate counsel specifically,

> [w]ith regard to "reasonable basis" in the appellate context, it is well settled that appellate counsel is entitled, as a matter of strategy, to forego even meritorious issues in favor of issues he believes pose a greater likelihood of success.

*Id*. at 750 (internal citations, quotations, and brackets omitted). Regarding prejudice, the PCRA petitioner must show that "there is a reasonable

---

[5] Trial Counsel requested a constructive possession jury instruction, and the trial court denied the request. *See* N.T., 10/16/18, at 173-78.

- 15 -

probability that the outcome of the direct appeal proceeding would have been different but for counsel's deficient performance." ***See id***.

Regarding jury instructions: this Court reviews a jury charge as a whole, not in "isolated fragments." ***Commonwealth v. Rush***, 162 A.3d 530, 540 (Pa. Super. 2017). Further,

> [w]e examine the entire instruction against the background of all evidence presented, to determine whether error was committed. A jury charge is erroneous if the charge as a whole is inadequate, unclear, or has a tendency to mislead or confuse the jury rather than clarify a material issue. Therefore, a charge will be found adequate unless the issues are not made clear to the jury or the jury was palpably misled by what the trial judge said. Furthermore, our trial courts are invested with broad discretion in crafting jury instructions, and such instructions will be upheld so long as they clearly and accurately present the law to the jury for its consideration. The trial court is not required to give every charge that is requested by the parties and its refusal to give a requested charge does not require reversal unless the appellant was prejudiced by that refusal.

***Rush***, 162 A.3d 530, 540 (Pa. Super. 2017) (internal citations, quotations, and brackets omitted). This Court has explained that constructive possession is "the power to control contraband and the intent to exercise control over the contraband. . . . Our Supreme Court has . . . held that constructive possession may be proved through circumstantial evidence and that the totality of the circumstances can be examined to determine if constructive possession exists." ***Commonwealth v. Austin***, 631 A.2d 625, 629 (Pa. Super. 1993).

Balas maintains appellate counsel was ineffective for failing to raise on appeal the issue of the trial court's denial of a constructive possession jury instruction at trial. Balas asserts his issue is of arguable merit because it can

be error for the trial court not to give the instruction. **See** Balas's Brief at 10.
He also argues appellate counsel had no reasonable basis for not including the
issue. **See id**. Balas, however, fails to explain how appellate counsel's
omission prejudiced him. **See id**.

The PCRA court nevertheless considered Balas's issue and concluded it
is devoid of merit, in relevant part, for the following reasons:

> Appellate [c]ounsel's strategy for not appealing the
> constructive possession jury instruction denial was twofold. First,
> reading the jury instructions as a whole, the [t]rial [c]ourt
> instructed the jury on constructive possession, although not
> highlighted/isolated, "but it was sufficient because the jury was
> informed of the constructive possession." Appellate [c]ounsel
> thought he had a less chance of winning on this claim, as the jury
> was instructed on the charge. . ..

PCRA Court Opinion, 3/9/22, unnumbered at 7.

Following our review, we discern no error of law by the PCRA court in
denying Balas relief on this issue. We observe that Balas argues the "arguable
merit" and "no-reasonable-basis" prongs of the ineffectiveness test, but he
fails to address the "prejudice" prong. **See** Balas's Brief at 10. This is fatal
to his claim. In any event, relevant to the prejudice prong, we note the
following facts: Balas was the only person in the car at the time Trooper Golla
performed the traffic stop. **See** N.T., 10/16/18, at 34. During a search of the
car during the stop, Trooper Golla saw a black bag on the passenger seat with
a pair of sneakers on top of the bag. **See id**. at 53. The bag was not zipped
closed. **See id**. Trooper Golla lifted the sneakers from the top of the bag,
and right underneath were two packages of narcotics along with a glass bowl

and small denominations of cash. *See id*. The bowl contained a scale. *See id*. at 56. During a pat-down search of Balas, officers also found a "large wad of US currency . . . in his left front pocket." *Id*. at 67. Additionally, the jury, after hearing Trooper Golla's testimony to this effect, received as part of its charge a definition of possession, in context of the paraphernalia, that, "[f]or a person to possess drug paraphernalia, he or she must be aware of the presence and nature of the item and have the power and intent to control it." *Id*. at 168. Given the evidence circumstantially linking Balas to the contraband along with the trial court giving the substance of the constructive possession during its discussion of the paraphernalia instruction, we cannot say the PCRA court erred in determining counsel's omission prejudiced him such that the outcome of his direct appeal would have been different had appellate counsel raised the issue. *See Blakeney*, 108 A.3d at 750; *cf*. *Commonwealth v. Battle*, 883 A.2d 641, 647 (Pa. Super. 2005) (affirming a denial of PCRA relief where, "[u]nder the facts of this case, [this Court] cannot imagine that, if defense counsel had urged and the court had given a constructive possession charge, appellant would not have been convicted"), *abrogated on other grounds by* *Commonwealth v. Jette*, 23 A.3d 1032, 1044-45 (Pa. 2011).

In his fifth and final issue, Balas argues the PCRA court erred in denying his PCRA petition because trial counsel was ineffective for failing to present mitigating testimony on his behalf at sentencing.

Our Supreme Court has explained the law on this issue as follows:

[T]o prove that counsel was ineffective . . ., a defendant must establish the existence of and the availability of the witnesses[;] counsel's actual awareness, or duty to know, of the witnesses[;] the willingness and ability of the witnesses to cooperate and appear on the defendant's behalf[;] and the necessity for the proposed testimony in order to avoid prejudice.

**Commonwealth v. Spotz**, 896 A.2d 1191, 1229–30 (Pa. 2006) (internal citations and quotations omitted). We reiterate that the PCRA's credibility findings, where supported by the evidence, are binding on this Court. **See Commonwealth v. Treiber**, 121 A.2d 435, 444 (Pa. 2015).

Balas maintains the PCRA court erred in denying his petition because trial counsel was ineffective for failing to obtain letters, or call witnesses to testify, on his behalf for sentencing. According to Balas, his mother, Ms. Balas, was available to provide favorable testimony; trial counsel unreasonably failed to discuss with her the possibility of her testifying; and counsel's dereliction prejudiced Balas because he did not receive a mitigated sentence as a consequence of counsel's omission. **See** Balas's Brief at 11.

The PCRA court considered this claim and concluded it warrants no relief:

Here, [Ms. Balas] was the only character witness that testified at the PCRA hearing. As to the first three prongs, Ms. Balas existed, was available, and [t]rial [c]ounsel was aware of her at the time of sentencing. As to the fourth prong, Ms. Balas was unwilling to cooperate with the defense at the time of sentencing. Trial [c]ounsel did not believe that Ms. Balas "would come in and offer positive things about [Balas]." Ms. Balas "had had it with [Balas]... she was not very supportive. . . She was very upset with him." . . ..

- 19 -

As to the fifth prong, [Balas] was not prejudiced by the absence of Ms. Balas'[s] testimony, as [t]rial [c]ounsel testified that she would not have offered positive testimony, which this [c]ourt found credible over Ms. Balas'[s] testimony. Further, the presence of Ms. Balas would not have altered [Balas's] sentence[,] as her testimony at the PCRA hearing was not compelling. Thus, [Balas's] claim is without merit.

PCRA Court Opinion, 3/9/22, unnumbered at 8-9 (internal citations omitted).

Following our review, we conclude that the record supports the PCRA court's findings, and the court committed no error of law. As noted above, the PCRA court concluded, *inter alia*, that trial counsel was not ineffective for failing to seek out or present Ms. Balas's testimony because, at the time of sentencing, trial counsel understood Ms. Balas to be unwilling to provide favorable testimony or a favorable letter for Balas. **See** PCRA Court Opinion, 3/9/22, at 8. The PCRA court expressly credited trial counsel's testimony over Ms. Balas's testimony. **See id**. The record supports this finding. Trial counsel testified at the evidentiary hearing as follows:

. . . [Balas's] mother called the office. She spoke to me; she spoke to my secretary . . .. She had had it with [Balas]. She wanted nothing – she was not very supportive. She was very upset that she hadn't heard from [Balas]. She hadn't heard from [him] on birthdays, on holidays. . . . [My secretary and I] were not of the opinion that she would come in and offer positive things about [Balas]. She was just very upset with him at that point in his life.

N.T., 2/17/22, at 10. Because the PCRA court's credibility determination is supported by the record, it is binding on this Court. **See Treiber**, 121 A.2d at 444. Balas has thus failed to show that Ms. Balas was available and willing

to cooperate on his behalf at the time of his sentencing. Accordingly, Balas has not carried his burden of proving that counsel was ineffective for not presenting Ms. Balas's testimony at sentencing. **See Spotz**, 896 A.2d at 1229–30.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/22/2024